In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3120

STEPHEN SIMON,

Plaintiff-Appellant,

v.

ALLSTATE EMPLOYEE GROUP MEDICAL PLAN
and RODNEY T. DANIELS,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 5212--Harry D. Leinenweber, Judge.

Submitted July 23, 2001--Decided August 14, 2001


  Before BAUER, COFFEY, and WILLIAMS, Circuit
Judges.

  WILLIAMS, Circuit Judge.  Stephen Simon
filed this suit under ERISA, 29 U.S.C.
sec.sec. 1001-1461, and numerous state
and common law theories against the
Allstate Employee Group Medical Plan
(also known as the ALLCARE Plan) and Plan
Administrator Rodney T. Daniels. The
district court dismissed Simon's suit. We
affirm and find that his suit was barred
on res judicata and collateral estoppel
grounds.

I.  BACKGROUND

  Simon alleges that in the early 1990s
the Humanistic Mental Health Foundation
provided medical care to a participant in
the ALLCARE Plan identified as "C.R."
According to Simon, C.R. assigned his
benefits claim to Humanistic, which then
reassigned the claim to Simon. Simon does
not reveal his relation to Humanistic or
why Humanistic assigned its claim to him.
Simon's attempts to collect on the claim
were rebuked by the ALLCARE Plan in July
1994. Simon then sued under ERISA, 29
U.S.C. sec. 1132(a), alleging that the
ALLCARE Plan improperly denied him
benefits. Simon also alleged that Daniels
violated his fiduciary duties under ERISA
by failing to turn over unspecified plan
documents, 29 U.S.C. sec. 1132(c)(3).

The district court dismissed Simon's ERISA claims on the grounds of res judicata and collateral estoppel, noting that Simon had brought a similar claim against the ALLCARE Plan in an earlier lawsuit filed in the Central District of California. In that case, Simon sued 1600 defendants, including the ALLCARE Plan, for recovery of ERISA claims assigned to him by Humanistic and other health care providers. The district court dismissed Simon's suit on the ground that Simon--as a third party claim assignee who was not a health care provider--did not have standing to sue under ERISA, and the Ninth Circuit affirmed. See Simon v. Value Behavioral Health, Inc., 955 F. Supp. 93 (C.D. Cal. 1997), aff'd, 208 F.3d 1073 (9th Cir. 2000). The district court in the present case noted that Simon was raising the same issues against the same defendant and his claims therefore were barred by res judicata and collateral estoppel. The district court allowed Simon to amend his complaint in order to allege violations of state and common law such as breach of contract, promissory estoppel, fraud, conspiracy, and deceptive trade practices. The district court then dismissed those claims as untimely or preempted by ERISA.

On appeal Simon devotes much of his brief to arguing that the decisions of the Central District of California and the Ninth Circuit that he lacked standing to sue under ERISA were incorrect. Simon's argument misses the point. The doctrine of res judicata bars relitigation of a claim for relief decided on the merits in a previous suit involving the same parties or their privies. See Bethesda Lutheran Homes & Serv., Inc. v. Born, 238 F.3d 853, 857 (7th Cir. 2001); Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 338 (7th Cir. 1995). Simon does not dispute that this suit raises the same ERISA claim against the ALLCARE Plan as his suit filed in the Central District of California and therefore offers nothing to dispel us of the conclusion that res judicata bars his ERISA claim. Furthermore, res judicata also bars Simon's state and common law claims because Simon could have raised those claims in the prior suit against the ALLCARE Plan. See Brzostowski, 49 F.3d at 338./1

On the other hand, res judicata does not bar Simon's claim that Daniels breached his fiduciary duties under ERISA because the alleged breach occurred in 1998, well after Simon filed his previous suit in the Central District of California. This breach-of-fiduciary-duties claim, however, was barred by collateral estoppel. The collateral estoppel doctrine bars the relitigation of an issue of law or fact that was litigated and decided in a prior case between the same parties or their privies. See Havoco of Am., Ltd. v. Freeman, Atkins & Coleman, Ltd., 58 F.3d 303, 307-08 (7th Cir. 1995); Kraushaar v. Flanigan, 45 F.3d 1040, 1050 (7th Cir. 1995). In order to be entitled to relief for Daniels's purported breach of his fiduciary duties under ERISA, Simon must be a participant or beneficiary of an employee benefit plan. See 29 U.S.C. sec.sec. 1024(b)(4), 1132(c)(3). The issue of whether Simon is a participant or beneficiary of the ALLCARE Plan, however, has already been decided against Simon in the Central District of California suit. See Simon, 208 F.3d at 1080-82. Collateral estoppel precludes Simon from relitigating that issue here, and therefore Simon cannot establish that he is entitled to relief on his breach-of-fiduciary-duties claim.

We decide this case in a published opinion to alert other federal courts that Simon is flooding the courts with ERISA claims virtually identical to the ones raised here. After the Central District of California dismissed Simon's suit against 1600 employee benefit plans and employers, Simon filed ten suits in 1999 and three suits in 2000 against individual employee benefit plans and their administrators seeking to recover on ERISA claims. Each suit presented the same basic allegations as the ones raised in this case: that a participant in an employee benefit plan covered under ERISA assigned a claim for benefits to a health care provider/2 which, in turn, assigned the claim to Simon. To date no court has ruled in favor of Simon and in fact four circuits have rejected Simon's attempts to recover on the ERISA claims because, as a third party assignee who is not a health care provider, Simon is not a participant or beneficiary of the employee benefit plans. See Simon v. Cyrus Amax Minerals Health Care Plan, No.

00-1331, 2001 WL 640410 (10th Cir. June 11, 2001) (unpublished); Simon v. Belwith Int'l, Inc., No. 00-1680, 2001 WL 111651 (6th Cir. Jan. 21, 2001) (unpublished); Simon v. Quaker Oats Employee Benefit Plan, No. 00-2342, 2000 WL 1657967 (7th Cir. Oct. 27, 2000) (unpublished); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1080-82 (9th Cir. 2000). Despite these rulings, Simon has continued his litigious ways by filing 18 new ERISA suits since May 18, 2001. In light of this pattern of repetitious and meritless litigation, we ORDER Simon to show cause within 14 days of this opinion why he should not be sanctioned.

AFFIRMED

FOOTNOTES

/1 We note that the defendants have erroneously agreed that the district court had diversity jurisdiction over Simon's state and common law claims. See 28 U.S.C. sec. 1332. In his amended complaint and appellate brief, Simon alleged only his residence, not his citizenship. An allegation of residency, however, is insufficient to estab-lish diversity jurisdiction. See Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998); Guaranty Nat'l Title Co. v. J.E.G. Assoc., 101 F.3d 57, 59 (7th Cir. 1996). Normally we would permit a litigant to correct this error before dismissing the case for lack of jurisdiction, see Held, 137 F.3d at 1000; Guaranty Nat'l Title, 101 F.3d at 59, but we will not insist upon this step here because Simon's claims are barred by res judicata and collateral estoppel.

/2 The health care providers are identified as Holistic Mental Health Foundation, Sunstar Health Care, HolistiCare, Suncrest Hospital, or College Hospital.