Beverly **SPENCER,** Plaintiff–Appellant,

v.

Cheryl T. **THOMAS,** Defendant–Appellee.

No. 02–4243.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 3, 2004.*

Decided Feb. 3, 2004.

Beverly Spencer, pro se, Matteson, IL, for Plaintiff–Appellant.

Daniel M. Tardiff, Office of the United States Attorney, Chicago, IL, for Defendant–Appellee.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

## ORDER

The district court dismissed Beverly Spencer's suit alleging discrimination by her former employer, the United States Railroad Retirement Board, as barred by *res judicata.* We affirm.

Spencer was employed by the Board until December 1999, when she was fired for accumulating more than 200 unexcused absences over two years. Spencer and several other employees became ill one day in January 1998 when a contractor used a powerful cleaning solvent while renovating the lobby of the Board's headquarters. The Board immediately required the contractor to cease using the solvent and to ventilate the entire building. From her exposure to the solvent, Spencer claims that she developed a severe respiratory ailment that made it impossible for her ever again to work in the Board's offices, even though repeated tests of the air quality near her desk produced normal results. Spencer submitted various requests for accommodation, most of which the Board denied either because it found them not to be feasible or because Spencer did not supply adequate medical documentation.

After filing an EEOC charge in 1998, Spencer sued the Board in 2000 alleging that it had refused to accommodate her medical condition because of her race and that it had retaliated against her for filing

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

a charge of discrimination. In *Spencer v. Thomas*, 30 Fed.Appx. 636, 638–39 (7th Cir. March 7, 2002), we affirmed the district court's grant of summary judgment to the Board because many of the acts alleged by Spencer did not constitute adverse employment actions and because she could not show that the Board's legitimate reasons for its remaining actions were pretextual. Undaunted, Spencer responded by filing virtually the same lawsuit a second time.

*Res judicata* bars relitigation of a claim decided on the merits between the same parties or their privies. *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir.2001). The doctrine applies both to those matters that were decided in the first action and to those that could have been brought as part of that action. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir.2000). Spencer has sued the same parties, and there was a final judgment on the merits in her previous action. She argues that *res judicata* does not apply because her new suit covers a different claim: she now challenges her termination rather than the Board's refusal to accommodate her disability, and says that the Board's actions were motivated by a desire to make her ineligible for an early retirement benefit. But these modifications do not change the fact that, like her first lawsuit, this claim is based on the effect that the solvent supposedly had on her in January 1998, and the Board's response to her symptoms. Because her claim is based on similar factual allegations arising from the same events as the previously litigated matter, it is barred by *res judicata*. See *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir.1996). We warn

Spencer that any future litigation based on these events would likewise be futile.

AFFIRMED.