**Jerry GUTNAYER, Plaintiff–Appellant,**

v.

**CENDANT CORPORATION, et al., Defendants–Appellees.**

No. 04–1624.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 2004.[*]

Decided Nov. 8, 2004.

Rehearing and Rehearing En Banc Denied Dec. 16, 2004.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Jerry Gutnayer, Northbrook, IL, pro se.

Gutnayer and Associates Partnership, Northbrook, IL, pro se.

Michael J. Duhig, Coldwell Banker Residential Real Estate, Oak Brook, IL, Paul A. Greenberg, Aronberg Goldgehn Davis & Garmisa, Chicago, IL, Anthony C. Valiulis, Much, Shelist, Freed, Denenberg, Ament & Rubenstein, Chicago, IL, Richard L. Stavins, Robbins, Salomon & Patt, Chicago, IL, for Defendants–Appellees.

Before BAUER, WOOD, and WILLIAMS, Circuit Judges.

### ORDER

Former attorney Jerry Gutnayer and his brother were partners in a homebuilding company that designed and built custom homes in Chicago's affluent "North Shore" suburbs. But the brothers had a falling out, their partnership dissolved, and each then started his own homebuilding company. Unfortunately for Gutnayer, his business has floundered while his brother's has prospered. Upset by his misfortunes, Gutnayer filed two suits in the Circuit Court of Cook County, Illinois, alleging that his business's failure was the result of a broad conspiracy that included, among others, his brother and sister-in-law, his brother's company, Coldwell Banker and a number of its salespeople, and an architectural firm. He alleged that the purported conspiracy constituted fraud and violated the Illinois Antitrust Act, 740 ILCS 10/1, *et seq.* Gutnayer's theory is difficult to understand, but the essence of the alleged

conspiracy seems to be that the architectural firm designs homes for other construction companies, and that those companies hire Coldwell Banker to sell their homes. Gutnayer claims that these relationships somehow put his company at a competitive disadvantage—presumably because he has been forced to hire architects and realtors that he finds less desirable.

The state court consolidated the two actions and granted the defendants' motion to dismiss because it found that Gutnayer could not establish the elements of an antitrust claim. After that decision was affirmed on appeal, Gutnayer filed a new suit in the Circuit Court of Lake County, Illinois, that made similar allegations. The Lake County suit was dismissed based on res judicata grounds. Gutnayer then turned to federal court and filed a complaint in the district court, alleging the same conspiracy, but this time claiming that the defendants had violated the federal antitrust laws. The district court dismissed the complaint because it found the case barred both by res judicata and by the *Rooker–Feldman* doctrine. We affirm, though for a slightly different reason.

Res judicata (or more precisely, claim preclusion), collateral estoppel (issue preclusion), and *Rooker–Feldman* are closely related doctrines that all bar a party from pursuing a claim that has been previously rejected by a court. Claim preclusion prevents a party from raising a claim if it could have raised that claim in a previous proceeding. *Simon v. Allstate Employee Group Med. Plan,* 263 F.3d 656, 658 (7th Cir.2001). Issue preclusion bars a party's ability to relitigate an issue that was necessary to a prior decision and that was resolved against it by a valid and final judgment. *Am. Nat'l Bank & Trust Co. v. Reg'l Transp. Auth.,* 125 F.3d 420, 430 (7th Cir.1997). Finally, the *Rooker–Feldman* doctrine prohibits a federal court other than the Supreme Court from reviewing

a state court judgment. *Zurich Am. Ins. Co. v. Superior Court for the State of California,* 326 F.3d 816, 821 (7th Cir. 2003).

■ Taking the *Rooker–Feldman* doctrine first, we find that it is inapplicable because Gutnayer does not seek to appeal the state courts' judgments, but rather attempts to ignore them and begin anew in federal court. See *Zurich Am. Ins. Co.,* 326 F.3d at 822 (*Rooker–Feldman* doctrine does not apply when state court simply fails to grant a party the relief sought). The situation is somewhat more complex with claim preclusion. We cannot tell whether claim preclusion would apply to Guynayer's case without a more searching examination of the effect Illinois would give to its court's judgment. See *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 382, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); 28 U.S.C. § 1738. If Illinois preclusion law includes the common rule to the effect that claim preclusion does not extend to matters that were outside the subject matter jurisdiction of the first court (as is true for a federal antitrust claim), then Gutnayer would not face a claim preclusion bar in his current federal action.

■ We need not delve into that question of the state law of judgments, however, because it is clear that Gutnayer's action is doomed on issue preclusion grounds. Just as for claim preclusion, in determining whether issue preclusion applies we look to the law of the state in which the underlying judgment was issued—here, Illinois. 28 U.S.C. § 1738; *Marrese,* 470 U.S. at 380, 105 S.Ct. 1327; *Am. Nat'l Bank & Trust Co.,* 125 F.3d at 430. Illinois courts apply issue preclusion when a party participates in multiple cases involving different causes of action but the same issues of ultimate fact. *Hexacomb Corp. v. Corrugated Sys., Inc.,* 287 Ill.

App.3d 623, 222 Ill.Dec. 893, 678 N.E.2d 765, 771 (1997). In Illinois, issue preclusion bars litigation of an issue if the issue: (1) is identical to one decided in a prior adjudication; (2) was decided in a final judgment on the merits; and (3) was resolved in a proceeding in which the party against whom estoppel is asserted was a party or in privity with a party. *Am. Nat'l Bank & Trust Co.*, 125 F.3d at 430; *Bajwa v. Metro. Life Ins. Co.*, 208 Ill.2d 414, 281 Ill.Dec. 554, 804 N.E.2d 519, 532 (2004). There is no dispute that Gutnayer's three actions in state court were all resolved by final judgments on the merits and that Gutnayer was a party to the previous proceedings.

We thus address only the question whether the issues presented to the Illinois courts were the same as those raised by his federal complaint. The Illinois Antitrust Act is modeled on the Sherman Act, and Illinois courts interpret the state antitrust act in accordance with federal law. See 740 ILCS 10/11; *Laughlin v. Evanston Hosp.*, 133 Ill.2d 374, 140 Ill.Dec. 861, 550 N.E.2d 986, 990 (1990). The Illinois Appellate Court found that Gutnayer had neither suffered an injury of the type that the antitrust laws are designed to prevent nor demonstrated that any of the defendants had monopolized his proposed product or geographic markets, and that he lacked standing to challenge the architectural firm's refusal to do business with him. These findings are fatal to his federal antitrust action. A federal antitrust plaintiff also must show that he falls within the class of litigants who are entitled to bring an antitrust action (*i.e.* has "antitrust standing"), *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596–96 (7th Cir.1995), that he has suffered an injury of the type the antitrust laws are designed to address, *id.*,

and that he has stated a claim under the antitrust laws, *Elliott v. United Center*, 126 F.3d 1003, 1004–05 (7th Cir.1997). The state appellate court's factual findings are both material and controlling on these critical issues. See *Hexacomb Corp.*, 222 Ill.Dec. 893, 678 N.E.2d at 771; *see also Univ. Life Ins. Co. v. Unimarc Ltd.*, 699 F.2d 846, 851 (7th Cir.1983) (findings of fact by a tribunal that lacks jurisdiction over a federal antitrust claim nevertheless have preclusive effect in an antitrust suit); *Clough v. Rush*, 959 F.2d 182, 186–87 (10th Cir.1992) (federal antitrust suit barred by issue preclusion because plaintiff had lost a state antitrust suit in which he had made nearly identical allegations).

We therefore AFFIRM the judgment of the district court.