NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 3, 2010[*]
Decided March 9, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-3394

| | |
|---|---|
| JAMES HESS & JOHN HESS, | Appeal from the United States District |
| *Plaintiffs,* | Court for the Northern District of Illinois, |
| | Western Division. |
| *v.* | |
| | No. 3:07-cv-50074 |
| REG-ELLEN MACHINE TOOL CORP., | |
| EMPLOYEE STOCK OWNERSHIP | Frederick J. Kapala, |
| PLAN, et al., | *Judge.* |
| *Defendants-Appellees.* | |

APPEAL OF: MICHAEL HAVRILESKO.

**O R D E R**

This is the fourth lawsuit brought in federal court by Michael Havrilesko on behalf of his clients, John and James Hess, against Reg-Ellen Machine Tool Corporation and its

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Employee Stock Ownership Plan (ESOP) arising out of changes in the value of their retirement accounts. After prevailing yet again on summary judgment, the defendants were awarded attorneys' fees. Havrilesko now contests that fee award. We affirm.

In 2000 and 2002, the Hesses, former employees of Reg-Ellen, sued Reg-Ellen and its ESOP claiming that they ignored the Hesses' investment requests, thereby violating the plan and the Employee Retirement and Income Security Act ("ERISA"). *See* 29 U.S.C. § 1132(a)(1)(B). Those two suits were consolidated into a single case. The district court granted summary judgment for the defendants, concluding that the defendants' actions were not arbitrary or capricious and thus in accord with the terms of the plan. We affirmed. *Hess v. Reg-Ellen Mach. Tool Corp. (Hess I)*, 423 F.3d 653, 666 (7th Cir. 2005). The Hesses sued the company and the plan again, claiming this time that the defendants improperly denied the Hesses' requests to rollover their accounts into a new plan, to segregate and liquidate their accounts, and to diversify their investments. The district court granted summary judgment for the defendants, and we affirmed again, stating, "We trust that this is the last time that we, or any other court, will be seeing this case: two lawsuits are enough." *Hess v. Reg-Ellen Mach. Tool Corp. Employee Stock Ownership Plan (Hess II)*, 502 F.3d 725, 730 (7th Cir. 2007).

But we spoke too soon. Less than a month after arguing *Hess II* in our court, the plaintiffs filed another suit asserting that the defendants' denial of their diversification and segregation requests constituted a breach of their fiduciary duty. The district court granted summary judgment for the defendants because res judicata barred the Hesses' claim. It also ruled that even if it addressed the merits, their claim failed.

The district court next granted the defendants' request for $46,054.70 in attorneys' fees incurred after *Hess II*, *see* N.D. ILL. R. 54.3, to be split equally by the Hesses and their attorney, Havrilesko. The court concluded fees were proper under 29 U.S.C. § 1132(g)(1): the Hesses' claim was not substantially justified because it was barred by res judicata; it was not maintained in good faith because the Hesses pressed on with this suit in spite of our warning in *Hess II*; and no special circumstances made an award of fees unjust. Additionally, the court concluded fees were proper under 28 U.S.C. § 1927 because the Hesses' attorney multiplied proceedings unreasonably and vexatiously.

ERISA authorizes the award of reasonable attorneys' fees to the prevailing party and we recognize a modest, rebuttable presumption in favor of awarding these fees. *See* 29 U.S.C. § 1132(g)(1); *Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 615 (7th Cir. 2009); *Herman v. Central States, Se. & Sw. Areas Pension Fund*, 423 F.3d 684, 695-96 (7th Cir. 2005). A party is entitled to attorneys' fees unless the loser had "substantial justification" in bringing

suit.  *See Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 672 (7th Cir. 2007).  This means that the losing party's position is more than nonfrivolous, though less than meritorious. *Herman,* 423 F.3d at 696; *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.,* 57 F.3d 608, 617 n.4 (7th Cir. 1995).

Havrilesko urges us to review the fee award de novo based on his belief that "the standard of review for a district court's findings in a fee petition case should be the same as that for summary judgment."  It's not.  We review a grant of attorneys' fees under both 29 U.S.C. § 1132(g)(1) and under 28 U.S.C. § 1927 for an abuse of discretion.  *See Laborers' Pension Fund*, 580 F.3d at 615 (29 U.S.C. § 1132(g)(1)); *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (28 U.S.C. § 1927).  And we've explained why: the district court is in a superior position to understand the litigation, and we want to avoid excessive intrusion into what are essentially factual matters.  *See Robinson v. City of Harvey*, 489 F.3d 864, 872 (7th Cir. 2007); *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003).

Havrilesko contends that he was substantially justified in bringing the current case because our decision in *Harzewski v. Guidant Corp.*, 489 F.3d 799, 806 (7th Cir. 2007), held that a former pension plan participant may sue a plan administrator for breach of fiduciary duty.  But just as nothing prohibited the plaintiffs in *Harzewski* from bringing their fiduciary-duty claims under our pre-*Harzewski* case law, nothing barred the Hesses from doing so in their earlier lawsuits.  Because they could have brought this claim earlier, res judicata bars it.  *See Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007); *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001); *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000).

Havrilesko next contends that because he supplied an undisputed affidavit asserting that the defendants told him he that could bring "additional" claims, he created a genuine issue whether the defendants were "equitably estopped" from raising the res judicata defense.  As the district court correctly concluded, this argument was frivolous because this lawsuit contained no "additional" claims.  A "claim" consists of the underlying factual events rather than the legal theories advanced.  *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008); *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001).  Because the Hesses pressed only a new theory on the same underlying facts, they raised no additional claims.

Next, Havrilesko attacks the district court's conclusion that he disregarded in bad faith our warning in *Hess II* against more litigation because we issued the warning after he filed this suit.  But the court did not conclude that he exhibited bad faith by initiating this suit before *Hess II*, but by maintaining it after.  Attorneys are under a continuing duty to dismiss a claim that is no longer viable.  *See Jolly Group, Ltd. v. Medline Indus. Inc.*, 435 F.3d

717, 720 (7th Cir. 2006); *Burda v. M. Ecker Co.*, 2 F.3d 769, 778 (7th Cir. 1993). The district court issued attorneys' fees only for the time after *Hess II*. On this basis, we cannot find an abuse of discretion. *See Stark v. PPM Am., Inc.*, 354 F.3d 666, 673 (7th Cir. 2004).

Havrilesko also asserts that because he submitted an unrebutted affidavit attesting that he could not afford to pay, the court improperly concluded an award of fees was warranted. But the court permissibly ruled that his affidavit did not give it an adequate basis to find an inability to pay: he attached no bank statements or tax returns, and failed to disclose whether he had any alternate sources of income. *Stark*, 354 F.3d at 673-74. The court therefore properly concluded that Havrilesko—who bore the burden of showing special circumstances, *see Stark*, 354 F.3d at 673-74; *Prod. & Maint. Employees' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1404 n.1 (7th Cir. 1992); *see also Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 969-70 (8th Cir. 2002)—did not qualify for relief. *See Stark*, 354 F.3d at 673-74. And in any case, "a lawyer's ability to pay does not affect the appropriate award for a violation of § 1927," *Shales v. Gen. Chauffeurs Local 330*, 557 F.3d 746, 749 (7th Cir. 2009); *see also Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1206 (10th Cir. 2008), which was one of the two statutory bases for the fee award.

Finally, the defendants have asked for fees on appeal, and because this appeal is just as frivolous as the district court litigation, they are entitled to them. *See Bandak v. Eli Lilly & Co. Ret. Plan*, 587 F.3d 798, 802-03 (7th Cir. 2009); *Sullivan,* 504 F.3d at 672. The defendants should submit within 14 days an itemized statement of the attorneys' fees that they incurred in defending the appeal, and Havrilesko will have 14 days to respond.

Accordingly, we **AFFIRM** the judgment of the district court.