No. 2--99--0554 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

ALTAIR CORPORATION,

Plaintiff-Appellant,

v.

GRAND PREMIER TRUST AND INVESTMENT, INC., as Successor Trustee to Grand National Bank, as Trustee under Trust No. 2359; MARK JACKSON; LUTHER G. OTTERSON; THOMAS ROSENQUIST; and TRI-STATE REALTY,

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court of Lake County.

Nos.  98--AR--1559

 98--L--906

Honorable

Jack Hoogasian,

Judge, Presiding.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Altair Corporation (Altair), filed a two-count complaint alleging breach of contract in connection with the sale of real estate located in Waukegan.  Count I of Altair’s complaint sought damages in excess of $50,000 from defendants Grand Premier Trust and Investment, Inc.; Mark Jackson; Thomas Rosenquist; and Luther G. Otterson (collectively, Grand Premier).  Count II of the complaint sought the return of $25,000 in earnest money held by Tri-State Realty (Tri-State).  Grand Premier filed a complaint to recover the earnest money, which was consolidated with Altair’s complaint.  The circuit court of Lake County dismissed Altair’s complaint pursuant to section 2--619 of the Code of Civil Procedure.  735 ILCS 5/2--619 (West 1998).  The trial court found that plaintiff’s claim was barred by the doctrines of 
res judicata
 
and election of remedies.  Plaintiff now appeals.  Grand Premier has submitted a motion to strike portions of plaintiff’s brief, which we have taken with the case.  We affirm.

BACKGROUND

On July 29, 1997, Altair, the buyer, and Grand Premier, the seller, entered into a contract for the sale of two parcels of real property located in the City of Waukegan.  The contract contained the following provision:

"Seller will obtain a letter from the City of Waukegan through the date of the closing stating that construction of a new building on Lot PIN: 07-01-301-033 located directly behind the 4050 Joseph Drive building will not require a retention or detention area to be built.  Seller agrees that in the event that a retention or detention area has to be built, then Seller agrees to pay to the Purchaser the amount of said cost and expense.  Seller will pay said cost and expense within ten (10) days of receiving the invoice and/or estimate from the Purchaser."

The contract also provided as follows:

"The property will be vacant and the property and surroundings will be cleaned up and ready for occupancy.  In the event the building is not vacant, the purchase price will be reduced at the rate of $20,000 per month, pro-rated only for the first month and in full for each succeeding month or any fraction thereof.  The closing to be deferred at the option of Purchaser until the building is legally vacant.  In the event the property and surroundings are not cleaned up, the cost of clean up will be deducted from the purchase price."

The contract was to close within 60 days; however, the parties agreed to close on September 29, 1997.  

On September 20, 1997, Altair sent Grand Premier a letter requesting that Grand Premier place $665,674.89 in an escrow account to fund the construction of a retention pond.  The actual cost of building the retention pond was $545,674.89, and $120,000 represented a diminution in the value of the property caused by the construction of the pond.  In its letter, Altair asserted that it was clear by that time that Grand Premier would not be able to produce a letter from the City of Waukegan stating that such a pond would not be necessary.  Grand Premier responded on September 25, 1997.  Grand Premier questioned the estimated cost of the retention pond and the size of the pond Altair was proposing to build.  Grand Premier requested that Altair provide it with the construction plans upon which the estimated cost was based.  Grand Premier also stated that there was no basis in the contract for Altair’s request for compensation for diminution in the value of the property.

On September 29, 1997, the agreed closing date, the parties did not close the transaction.  Grand Premier did not provide the requested letter from the City of Waukegan.  Altair also alleges that debris remained on the property in violation of the contract.

On September 26, 1997, Altair filed its first complaint in this matter.  Altair alleged that defendants had anticipatorily breached the contract.  Altair contended that defendant’s letter of September 25, 1997, constituted a refusal to pay the construction costs of the retention pond.  On November 20, 1997, Judge Emilio Santi dismissed Altair’s first complaint.  Altair appealed the dismissal of this complaint, and this court affirmed on November 4, 1998.

On November 25, 1998, Altair filed the instant complaint.  In the present action, Altair alleges that defendants breached the contract by failing to provide a letter at the closing from the City of Waukegan stating that no retention pond was necessary.  Altair further alleged that various debris remained on the property in violation of the contract.  On May 11, 1999, Judge 
Jack Hoogasian
 dismissed Altair’s second complaint, finding it barred by the doctrines of 
res judicata
 and election of remedies. 

ANALYSIS

The defense of 
res judicata
 is properly asserted through a section 2--619 motion to dismiss
.  
735 ILCS 5/2--619(a)(4) (West 1998).  All well-pleaded facts are taken as true and viewed in the light most favorable to the nonmoving party.  
Saxon Mortgage, Inc. v. United Financial Mortgage Corp.
, 312 Ill. App. 3d 1098, 1104 (2000).  Review is 
de novo
.  
Saxon Mortgage, Inc.
, 312 Ill. App. 3d at 1104.

Res judicata
 precludes subsequent litigation between parties on the same claim after a court of competent jurisdiction renders final judgment on a matter.  
Torcasso v. Standard Outdoor Sales, Inc.
, 157 Ill. 2d 484, 490 (1993).
  A plaintiff cannot maintain a subsequent action if the following conditions are met: (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of parties or their privies; and (3) there is an identity of cause of action.  
Downing v. Chicago Transit Authority
, 162 Ill. 2d 70, 73-74 (1994).  
Res judicata
 precludes not only those issues that were actually raised in the earlier proceeding but also those that could have been raised.  
Rein v. David A. Noyes & Co.
, 172 Ill. 2d 325, 334-35 (1996).  The principle is "founded upon the plainest and most substantial justice, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits."  
Baird & Warner, Inc. v. Addison Industrial Park, Inc.
, 70 Ill. App. 3d 59, 64 (1979).  It also promotes the conservation of judicial resources by barring repetitive litigation.  
Pacemaker Food Stores, Inc. v. Seventh Mont Corp.
, 143 Ill. App. 3d 781, 784 (1986). The only dispute regarding count I of the complaint is whether an identity of cause of action exists with the earlier action.

Our supreme court recently adopted the more liberal transactional test over the same evidence test for assessing whether an identity of cause of action exists.  
River Park, Inc. v. City of Highland Park
, 184 Ill. 2d 290, 310 (1998).  Under the transactional test, a valid final judgment bars further action by the plaintiff regarding any part of a transaction or series of connected transactions from which the claim arose.  
River Park, Inc.
, 184 Ill. 2d at 311, citing Restatement (Second) of Judgments §24, at 196 (1982).  Different claims are considered part of the same cause of action if they arise from a single group of operative facts.  
Rodgers v. St. Mary’s Hospital
, 149 Ill. 2d 302, 312 (1992).  Whether a group of facts constitutes a transaction is " 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties’ expectations or business understanding or usage.' "  
River Park, Inc.
, 184 Ill. 2d at 312, quoting Restatement (Second) of Judgments §24, at 196 (1982).  It is well established that the facts as they exist at the time of judgment determine whether 
res judicata
 bars a subsequent action.  
D’Last Corp. v. Ugent
, 288 Ill. App. 3d 216, 222 (1997); 
In re Marriage of Wardell
, 149 Ill. App. 3d 537, 543 (1986); 
Rotogravure Service, Inc. v. R.W. Borrowdale Co.
, 77 Ill. App. 3d 518, 525-26 (1979); 
La Salle National Bank v. City of Chicago
, 54 Ill. App. 3d 944, 955 (1977).

Applying the factors set forth in 
River Park, Inc.
, 184 Ill. 2d at 312, it is clear that plaintiff’s claim in its first suit was part of the same transaction as the claim it sets forth in the present case.  Both alleged breaches arose out of the need for the construction of a retention pond on the subject property and concerned conduct related to the closing of the contract.  The conduct complained of in the two complaints occurred only four days apart.  These claims could have easily been tried together.  Furthermore, given the similar nature of the claims and their temporal proximity, most parties would expect them to be tried together.  The fact that Altair alleged that debris remained on the property in its second complaint, a breach not alleged in its first complaint, is not material.  This issue is sufficiently related to the closing of the contract to be part of the same group of operative facts.  Altair could have raised this issue in the first action.  See 
Robinson v. Toyota Motor Credit Corp.
, 
315 Ill. App. 3d 1086 (2000).

Altair argues that, even if both complaints present the same cause of action, an exception exists that precludes the application of 
res judicata
 to the present case.  Altair points out that "a prior judgment for the defendant on the ground of the nonexistence of some fact essential to the plaintiff’s cause of action[] does not preclude the plaintiff from maintaining an action after such fact subsequently comes into existence."  
Pratt v. Baker
, 79 Ill. App. 2d 479, 482 (1967).  This exception is inapplicable to the present case.  As noted previously, the facts that exist at the time of judgment determine whether 
res judicata
 applies.  
D’Last Corp.
, 288 Ill. App. 3d at 222.  None of the facts alleged in Altair’s second complaint came into existence subsequent to the trial court’s dismissal of Altair’s first complaint.

While this rule may appear harsh, particularly if the subsequent events occur shortly before a trial court renders final judgment, another exception to the 
res judicata
 doctrine mitigates this apparent harshness.  
Res judicata
 will not be applied where it would be fundamentally unfair to do so.  
Weisman v. Schiller, Ducanto & Fleck
, 314 Ill. App. 3d 577, 581 (2000).  
Res judicata
 does not apply if (1) the parties have agreed the plaintiff may split his claim; (2) the court in the first action expressly reserves the plaintiff’s right to maintain a subsequent action; (3) a limit in the subject-matter jurisdiction of the court hearing the first action prevents the plaintiff from obtaining complete relief; (4) the judgment in the first action is inconsistent with the equitable implementation of some statutory scheme; (5) the wrong suffered by the plaintiff is of a recurrent or ongoing nature; or (6) the plaintiff clearly and convincingly shows that the policies favoring preclusion are overcome for some extraordinary reason.  
Rein
, 172 Ill. 2d at 341.  The first five exceptions clearly do not apply; hence, we need only consider whether there is some extraordinary reason not to apply the doctrine to Altair’s present claim.

We find no reason not to apply 
res judicata
 in the present case.  Altair was aware of the conduct that formed the basis of its second complaint a mere four days after it filed its first complaint.  This case does not involve a situation where the plaintiff learned of additional conduct shortly before final judgment and did not have time to act.  Furthermore, Altair did not attempt to supplement its pleadings after the closing did not take place.  See 735 ILCS 5/2–609 (West 1998).  The only time Altair appears to attempt to raise the conduct occurring on the closing date in the earlier proceeding is on the date the trial court dismissed its first complaint.  During that hearing, Altair’s counsel merely asked whether the complaint was dismissed with prejudice or could be amended.  We recognize that joinder is permissive; however, this does not make 
res judicata
 inapplicable.  See 
Block & Co. v. Storm Printing Co.
, 40 Ill. App. 3d 92, 96 (1976).
  Altair’s failure to avail itself of the opportunity to supplement its pleadings weighs in favor of precluding its present claim.

Altair also argues that the trial court erred in dismissing the second count of its complaint, which pertains to Tri-State.  Altair gave $25,000 to Tri-State to hold as earnest money.  Tri-State was not named as a party in Altair’s first complaint.  Thus, according to Altair, there is no "identity of parties."  For 
res judicata
 to apply, there must be "an identity of parties or their privies."  
Downing
, 162 Ill. 2d at 74.  For the purposes of 
res judicata
, parties who adequately represent the same legal interests are in privity.  
Board of Education of Sunset Ridge School District No. 29 v. Village of Northbrook
, 295 Ill. App. 3d 909, 918 (1998).  Masters and servants, for example, have been held to represent the same legal interest for 
res judicata
 purposes.  
Horwitz, Schakner & Associates, Inc. v. Schakner
, 252 Ill. App. 3d 879, 884-85 (1993).  In the present case, the contract provided that Tri-State  would hold $25,000 as earnest money for the benefit of both parties.  This created an escrow.  See 
Midwest Decks, Inc. v. Butler & Baretz Acquisitions, Inc.
, 272 Ill. 3d 370, 379 (1995).  An escrowee is a special agent of both parties to the escrow.  
Estate of Reinhold v. Mansfield
, 90 Ill. App. 3d 224, 228 (1980).  By virtue of the escrow relationship, privity existed between Tri-State and Grand Premier.  Furthermore, Altair’s claim against Tri-State is based upon Grand Premier’s alleged breach of the sales contract.  Thus, Tri-State and Grand Premier share the same legal interest in this case.  
 
For the purpose of 
res judicata
, Tri-State and Grand Premier are in privity, and the doctrine bars Altair’s claim against Tri-State as well.

Because we find that the trial court correctly determined that 
res judicata
 bars Altair’s current action, we need not address whether the claim is similarly barred by the doctrine of election of remedies.  Grand Premier’s motion to strike portions of Altair’s brief is rendered moot.

The decision of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON and RAPP, JJ., concur.