2021 IL App (1st) 200088-U

No. 1-20-0088

Order filed September 16, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| VERNON TOLBERT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CH 13208 |
| | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | Honorable |
| | ) | Celia C. Gamrath, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice Gordon concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The doctrine of *res judicata* bars plaintiff from raising a claim that relies on materials that were the subject of a previously litigated FOIA request between the same parties concerning the same underlying criminal case, and in which the circuit court entered a final judgment.

¶ 2    Plaintiff Vernon Tolbert (Tolbert) was convicted of first degree murder in Cook County circuit court case No. 01-CR-17131 and is currently serving a sentence of 65 years. We affirmed his conviction on direct appeal. *People v. Tolbert*, 354 Ill. App. 3d 94 (2004). Plaintiff's multiple

collateral attacks on his conviction have been found to be non-meritorious and those findings have been affirmed by this court. *People v. Tolbert*, Nos. 1-04-2451 & 1-04-2531 (cons.) (2006) (unpublished order under Illinois Supreme Court Rule 23); *People v. Tolbert*, No. 1-05-2914 (2008) (unpublished order under Supreme Court Rule 23); *People v. Tolbert*, No. 1-06-2853 (2007) (unpublished order under Supreme Court Rule 23); *People v. Tolbert*, No. 1-09-2332 (2011) (unpublished order under Supreme Court Rule 23); *People v. Tolbert*, No. 1-12-0373 (2013) (unpublished order under Supreme Court Rule 23). Based on various jurisdictional defects, plaintiff has also unsuccessfully appealed multiple adverse postconviction rulings in *People v. Tolbert*, 2021 IL App (1st) 181654, ¶ 27; *People v. Tolbert*, 2021 IL App (1st) 181923-U; *People v. Tolbert*, 2021 IL App (1st) 182390-U, ¶ 13.

¶ 3       In 2013, plaintiffs Vernon and Minnie Tolbert filed multiple lawsuits based on Freedom of Information Act (FOIA) requests directed to the Chicago Police Department (CPD) and the City of Chicago (5 ILCS 140/1 *et seq.* (West 2012)). Of particular significance to the instant case is *Tolbert v. Chicago Police Department*, 13-CH-03703 (Cir. Ct. Cook County) (the 2013 case), which we discuss in detail.

¶ 4       In the 2013 case, on May 2, 2013, the plaintiffs filed an amended complaint which sought compliance with six FOIA requests filed by them between April 2, 2012, and January 8, 2013. As is relevant to this appeal, the plaintiffs sought documents generated in Tolbert's criminal case under "R.D. # F526973," including: crime scene photographs, arrest report, general offense reports, general progress reports, case supplementary reports, field notes, notes and names of witnesses and officers involved in an incident that occurred on August 27, 2000, at 939 North Pulaski Road, as well as preliminary investigation reports by Sergeant Keane, crime scene

processing reports, and the citation for violations of the Chicago Municipal Code issued against the owner of the nightclub where the murder occurred.

¶ 5    On October 30, 2013, the defendants filed a combined motion under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2012)), in which they moved to dismiss the plaintiffs' complaint. After conducting an *in camera* inspection of the redacted materials, on January 22, 2015, Judge Celia Gamrath granted the motion in part and denied it in part, finding:

> "Defendants have met their burden in redacting as private, personal, or identifying, the information about individuals' employment and reason for being at the location of the murder, as well as the names and relationships of the individuals who were with the witnesses on the night of the murder."

¶ 6    The trial court also ruled, however, that some of the redacted information, including Tolbert's own information, pronouns used in reports, and locations of witnesses in the vicinity around the time of the murder were not exempt under FOIA, and ordered the CPD to produce those records to the plaintiffs with fewer redactions.

¶ 7    On January 30, 2015, the plaintiffs filed an "objection," challenging that portion of the court's order which granted the defendants' motion to dismiss. The court denied the plaintiffs' objection on April 27, 2015.

¶ 8    In accordance with the court's January 22, 2015, order, the defendants subsequently provided the plaintiffs with new, re-redacted copies of the requested documents. In addition to the documents now including information pertaining to Tolbert, pronouns, and witness locations at

the time of the incident, certain gender, race, and age information was unredacted in the defendants' production which was sent to the plaintiffs on June 17, 2015.

¶ 9    In making their submissions, the defendants noted that prior redactions consisting of "identifying information of individuals" were kept intact for "suspects, line-up individuals, bystanders, and names that appeared incidentally in police reports" as well as for "individuals in a photo array, victims, witnesses, and individuals providing information to the police and emergency contact information *** because this information is highly personal, where release would be an unwarranted invasion of personal privacy."

¶ 10    The defendants specified that the redacted information included "home addresses, social security numbers, dates of birth, employment numbers, employment user identifications, internal record ('IR') numbers, SID numbers [state identification number], FBI numbers, state license numbers, telephone numbers, and vehicle identification numbers ('VIN')," that the defendants maintained were subject to the FOIA exemptions contained in section 140/7(1)(b) (5 ILCS 140/7(1)(b) (West 2012)). Also redacted was the following identifying or incidental information of witnesses: (1) their names, (2) employment information of the witnesses, (3) reason for being at the location of the murder, and (4) the names and relationships of the individuals who were with the witnesses on the night of the murder.

¶ 11    The defendants then moved for summary judgment, alleging that they complied with the requirements of FOIA by conducting a thorough search for records, retrieving the requested records that were in their possession, and providing those records subject to proper redactions based on exemptions under FOIA. The record contains no indication that the plaintiffs filed a response to the defendants' motion.

¶ 12    On October 7, 2015, Judge Gamrath granted the defendants' motion for summary judgment.

¶ 13    Three years later, on or about September 10, 2018, Tolbert sent another FOIA request to CPD requesting "a copy of Charles Miller and Leo Clark's statements to Chicago Police on August 27, 2000, RD # F526973; People v. Tolbert 01 CR 17131, Cook County Criminal Division under the FOIA request." On September 18, 2018, Andrew Marlan, a FOIA Officer for CPD timely responded to Tolbert's request via letter which indicated:

> "Your request was reviewed by the undersigned. A search of CPD records was conducted based upon the parameters provided. It is determined that any responsive records, to the extent to which they exist, are denied to you in the interest of personal privacy. Please be advised, under the FOIA, CPD does not release records naming specific witnesses. The release of these records would clearly be an unwarranted invasion of privacy unless CPD receives a signed consent to release form with a copy of identification from the named witnesses. Without proper written authorization, these individuals have a strong interest in keeping their identity private which outweighs any public interest in this information; therefore, this information is exempt and protected from disclosure pursuant to 5 ILCS 140/7(1)(c) of FOIA. To the extent that any records may exist, it is determined that your request must be denied pursuant to subsection 5 ILCS 140/7(1)(c) of the Illinois Freedom of Information Act (FOIA). As the requested documents may contain personal information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, and the disclosure has not been

consented to in writing by the individual subject of the information. Furthermore, the disclosure of reports would compel the Department to violate separate yet applicable exemptions, specifically subsection 5 ILCS 140/7(1)(b) and 5 ILCS 140/7(1)(d)(iv)."

¶ 14     Then, on September 28, 2018, and again on October 19, 2018, Tolbert filed a petition to vacate the court's judgment (section 2-1401 petition) in the 2013 case. Tolbert's section 2-1401 petition requested that CPD produce the same statements previously requested in his September 10, 2018, FOIA request.

¶ 15     Next, on October 28, 2018, Tolbert filed the complaint that is the subject of the instant appeal. The complaint alleged that CPD neither acknowledged nor responded to Tolbert's September 10, 2018, FOIA request. Tolbert requested that the court order CPD to comply with his request, conduct an *in camera* inspection or grant any other appropriate relief.

¶ 16     In the meantime, on January 8, 2019, Tolbert was given leave to file his section 2-1401 petition by Judge Pamela McLean Meyerson. On March 28, 2019, Judge McLean Meyerson dismissed Tolbert's section 2-1401 petition based on it being untimely filed and because Tolbert failed to satisfy the requirements of section 2-1401(c) of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)). Judge McLean Meyerson ruled:

> "Mr. Tolbert argues, among other things, that in 2015 Defendants withheld from him the statements of Charles Miller and Leo Clark. But Mr. Tolbert has not shown any legal disability, duress, or fraudulent concealment to justify tolling the 2-year filing period under Section 2-1401. On the contrary, Mr. Tolbert's petition acknowledges that he knew about Mr. Miller and Mr. Clark from 'the reports

defendant did provide to plaintiff' in 2015, so the identity of these witnesses was not concealed—fraudulently or otherwise. Nor did he show that he was under any legal disability or duress, or that the prior judgment was void."

¶ 17 Finally, the order stated that, "[n]othing in this Order precludes him from filing a new Freedom of Information Act request seeking additional documents from defendants. No new requests may be made in this case, however."

¶ 18 In the case at bar, on July 9, 2019, CPD filed a motion to dismiss under section 2-619(a)(9). (735 ILCS 5/2-619(a)(9) (West 2018)). CPD alleged that they did, in fact, respond to Tolbert's FOIA request and attached an affidavit from Andrew Marlan in support of their claim. CPD maintained that Tolbert's claim was moot where he received a timely-issued response to his FOIA request. Additionally, CPD maintained that Tolbert's request complaint was barred by the doctrine of *res judicata* where his FOIA request sought documents previously requested in the 2013 case, in which a final judgment was entered.

¶ 19 On July 25, 2019, Tolbert filed an "objection" to CPD's motion to dismiss. Tolbert claimed that before receiving CPD's motion to dismiss, he properly filed and served a motion for leave to file an amended complaint and coinciding amended complaint with both the circuit court and CPD. Tolbert's "objection" now alleged that his FOIA request sought initial statements made to CPD by Charles Miller, Ruby Miller,[1] and Leo Clark. Tolbert alleged that Charles Miller, Ruby Miller, and Leo Clark were witnesses in his criminal case and that Leo Clark testified against him at trial.

---

[1] Defendant correctly notes that Ruby Miller was not named in Tolbert's September 10, 2018, FOIA request nor his October 28, 2018, complaint.

In response to CPD's motion to dismiss, Tolbert alleged that *res judicata* did not apply based on Judge McLean Meyerson's March 28, 2019, dismissal order. In pertinent part, Tolbert alleged:

> "And had plaintiff known at the time Defendant filed its motion to dismiss in case no. 13 CH 3703, that defendant failed to fully comply with his FOIA request by not providing him with Charles Miller, Ruby Miller and Leo Clark's initial August 27, 2000 statements to CPD this would have created a material fact defeating Defendant's request for summary judgment because a genuine issue of material fact existed then and now, this is why plaintiff had filed a petition to vacate judgment in that case cause defendant did not fully comply with his FOIA requests then and now."

¶ 20    On August 15, 2019, the circuit court entered an order acknowledging receipt of Tolbert's objection and explicitly finding that neither the court nor CPD received Tolbert's motion to file an amended FOIA complaint. The court gave Tolbert six weeks to further respond to CPD's motion to dismiss. No response from Tolbert is contained in the record.

¶ 21    On November 1, 2019, the court granted CPD's motion to dismiss. First, the court found that where Tolbert's complaint only alleged that CPD failed to acknowledge or respond to his FOIA request and did not challenge the exemptions relied on by CPD, defendant established that the claim asserted was belied by the record and was moot. In making such ruling, the court again noted the absence of any record of Tolbert filing or seeking leave to file an amended complaint.

¶ 22    Additionally, the court determined that Tolbert's claim was barred by the doctrine of *res judicata* where it was "undisputed" that he previously sought the identical records from the same party (CPD) in the 2013 case that resulted in a final judgment on the merits. The court

disagreed with Tolbert's interpretation of Judge McLean Meyerson's dismissal order as lifting the bar of *res judicata*, noting that the order only allowed Tolbert to file a new FOIA request "seeking *additional* documents, not the *same* documents that were the subject of previous litigation." (Emphasis in original.) The court concluded that:

> "[t]o hold otherwise would permit disgruntled FOIA requestors to mount countless collateral attacks on final judgments by seeking continually, and repeatedly, identical records previously produced, redacted, and/or withheld by a public body that were the subject of prior FOIA litigation between the same parties in which a court of competent jurisdiction rendered a final decision on the merits. Such abuse cannot be countenanced."

¶ 23 Tolbert filed a timely notice of appeal on November 26, 2019. He then filed a motion for leave to file late notice of appeal on December 2, 2019, based on his erroneous belief that the clerk of the circuit court failed to file his initial notice of appeal. This court then granted Tolbert's motion for leave to file late notice of appeal on January 28, 2020, and Tolbert re-filed his original notice of appeal, but altered its heading to read "Late Notice of Appeal." We have jurisdiction pursuant to Illinois Supreme Court Rule 303(a). (Ill. S. Ct. R. 303(a) (eff. July 1, 2017)).

¶ 24 For the following reasons, we affirm.[2]

¶ 25                                    ANALYSIS

¶ 26 On appeal, the gravamen of Tolbert's complaint is that CPD refused to provide him with alleged statements made to the police by Charles Miller, Leo Clark, and Ruby Miller and that the

---

[2] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

court erroneously relied on the mootness doctrine and *res judicata* in dismissing his complaint. Tolbert seeks these documents based on his contention that they would establish that the police learned his identity from these witnesses and subsequently coerced witnesses and eyewitnesses to identify him as the shooter in order to obtain a conviction.

¶ 27 We reject Tolbert's contentions based on the doctrine of *res judicata*. Before turning our attention to the applicability of that doctrine, however, we address Tolbert's factual contentions that he was denied due process of law where his motion for leave to file an amended complaint and coinciding amended complaint were not filed by the clerk of the circuit court, and where the court denied him a meaningful opportunity to amend his complaint.

¶ 28 A. Tolbert's Factual Assertions Are Belied by the Record

¶ 29 Tolbert's contention that he properly "filed" a motion for leave to amend his complaint in the circuit court and properly "served" a copy of his motion on CPD is devoid of factual support. In considering Tolbert's "objection," we have no reason to second guess the trial court's explicit finding of fact rejecting Tolbert's assertion. The record does not contain any documents showing that Tolbert did anything to effectuate service on CPD or have his motion or amended complaint filed with the court. Plaintiff's suggestion that the "prison records of his outgoing legal mail will show and prove he did mail out such motions to the trial court" does not remedy this failure of proof. We resolve any doubts which may arise from an incomplete record against the appellant, *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984), and indulge every reasonable presumption in favor of the judgment appealed from, including that the trial court ruled or acted correctly. *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 757-58 (2006). As the court held in *People v. Edwards*, 74 Ill. 2d 1, 7 (1978):

"A reviewing court may not guess at the harm to an appellant *** where a record is incomplete. This is not its role. Rather the reviewing court evaluates the record, as it is, for error. Where the record is insufficient or does not demonstrate the alleged error, the reviewing court must refrain from supposition and decide accordingly."

¶ 30    Tolbert's related contention that he was denied a meaningful opportunity to amend his complaint is, likewise, not borne out by the record. In considering the contents of Tolbert's July 25, 2019 "objection," Judge Gamrath found that neither the court nor CPD received Tolbert's filing. The court did not refuse to consider such a motion; it merely noted that no such motion was before it. Tolbert neither appended a copy of the alleged amended motion to his "objection," nor sought leave to file it at a later time. In other words, the court could not have abused its discretion in refusing Tolbert an opportunity to amend his complaint where he never requested that the court permit him to do so. *Matanky Realty Group, Inc. v. Katris*, 367 Ill. App. 3d 839, 844 (2006) (circuit court did not abuse its discretion in dismissing the plaintiff's complaint with prejudice "where no exercise of that discretion was requested because the record demonstrates that plaintiff never sought leave to amend its complaint.")

¶ 31    Tolbert claims that the court could have offered him an opportunity to amend his complaint but instead "hurried up and ruled on the complaint" and in so doing, relied only on the "objection," which, unlike the alleged amended complaint, did not specifically challenge every assertion contained in CPD's motion to dismiss. Putting aside the fact that it was not incumbent on the court to offer Tolbert such an opportunity, the record affirmatively rebuts his claim that the court acted precipitously.

¶ 32 On August 15, 2019, the court did not rule on CPD's motion to dismiss but set a further briefing schedule. Tolbert was given six weeks to file a response to CPD's motion. Tolbert could have chosen not to take remedial action by either (1) seeking reconsideration of the trial court's factual finding that Tolbert failed to properly file and serve a motion to amend his complaint by providing a copy of it, or (2) seeking leave to file a new motion to amend his complaint. In point of fact, Tolbert did neither and additionally did not file a response to CPD's motion to dismiss. Based on the record in this case, we reject Tolbert's contention that the trial court prevented him from filing an amended complaint.

¶ 33 Thus, we consider whether the circuit court properly granted CPD's motion to dismiss Tolbert's complaint.

¶ 34 B. Whether the Circuit Court Properly Granted CPD's Motion to Dismiss

¶ 35 1. Requirements of FOIA

¶ 36 Under Illinois' FOIA, a public body is required to make all of its public records available to any person for inspection or copying unless the requested information is exempt from disclosure. 5 ILCS 140/3(a) (West 2018). After receiving a written request for public records, the public body must either comply with the request by promptly providing the requested records to the requestor or promptly deny the request in writing. 5 ILCS 140/3(b)-(d) (West 2018). "Public records are presumed to be open and accessible." *Day v. City of Chicago*, 388 Ill. App. 3d 70, 73 (2009). FOIA defines "public records" as any documentary materials pertaining to the transaction of public business, regardless of the format of such materials, which are "in the possession of, or under the control of any public body." 5 ILCS 140/2(c) (West 2018).

¶ 37     The public policy underlying the General Assembly's adoption of the FOIA appears in Section 1 of the act and provides in relevant part:

"Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act. Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest.

The General Assembly hereby declares that it is the public policy of the State of Illinois that access by all persons to public records promotes the transparency and accountability of public bodies at all levels of government. It is a fundamental obligation of government to operate openly and provide public records as expediently and efficiently as possible in compliance with this Act." 5 ILCS 140/1 (West 2018).

¶ 38     "[T]he purpose of the FOIA is 'to open governmental records to the light of public scrutiny.' " *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 13 (quoting *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 378 (1989)). The FOIA is given a liberal construction in furtherance of the legislative objective of providing easy public access to governmental information. *Fraternal Order of Police, Chicago Lodge No. 7 v. City of* Chicago, 2016 IL App (1st) 143884, ¶ 33 (quoting *Gekas v. Williamson*, 393 Ill. App. 3d 573, 580 (2009)).

In order to further its goals, FOIA's exemption are to be read narrowly. *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 27.

¶ 39                                    2. Requirements of Section 2-619(a)(9)

¶ 40     Next, we note the requirements of section 2-619(a)(9) of the Code. 735 ILCS 5/2-619(a)(9) (West 2018). Section 2-619(a)(9) permits involuntary dismissal where the claim asserted "is barred by other affirmative matter avoiding the legal effect of or defeating the claim." *Id.* "The purpose of a Section 2-619 motion is to dispose of issues of law and easily proved issues of fact at the outset of litigation." *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 436 (2008). An "affirmative matter" that defeats a claim has been defined as a type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of a specific fact contained in or inferred from the complaint. *Bloomingdale State Bank v. Woodland Sales Company*, 186 Ill. App. 3d 227, 233 (1989).

¶ 41     In ruling on a section 2-619 motion, the trial court may consider pleadings, affidavits, and deposition evidence. *Id.* at 232. The court treats all well-pled facts as true and also considers external submissions of the parties. *Atkinson v. Affronti*, 369 Ill. App. 3d 828, 830 (2006). Where a defendant's affidavit in support of his motion to dismiss is not challenged or contradicted by counter-affidavits or other appropriate means, the facts alleged are deemed admitted by the plaintiff. *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995). The reviewing court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Day v. City of Chicago*, 388 Ill. App. 3d 70, 73 (2009).

¶ 42 Once a defendant satisfies his burden of proceeding on a section 2-619 motion by identifying affirmative matters that bar the claim, the burden then shifts to the plaintiff to establish that the matter is "unfounded or requires the resolution of an essential element of material fact before it is proven." *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997) (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1983)). If the plaintiff fails to meet his burden by presenting affidavits or other proof the defendant's motion may be granted and the action dismissed. *Id.* We review the trial court's order dismissal pursuant to section 2-619(a)(9) *de novo. Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 353, 361 (2009).

¶ 43                          3. Application of the Law to the Facts of This Case

¶ 44 We find that CPD's motion to dismiss was properly granted where the doctrine of *res judicata* applied and prohibited re-litigation of the same claim raised in Tolbert's 2013 case.

¶ 45 *Res judicata* is an equitable doctrine that is designed to prevent a multiplicity of lawsuits between the same parties where the facts and issues are the same. *Mular v. Ingram*, 2016 IL App (1st) 152750, ¶ 15 (quoting *Severinno v. Freedom Woods, Inc.*, 407 Ill. App. 3d 238, 244 (2010)). The defense of *res judicata* is properly asserted through a section 2-619 motion to dismiss. *Altair Corp. v Grand Premier Trust & Investment, Inc.*, 318 Ill. App. 3d 57, 61 (2000). The doctrine provides that "a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). A prior judgment may bar a cause of action and is grounds for involuntary dismissal pursuant to section 2-619. *Eighteen Investments Inc. v. Nationscredit Service Corp.*, 376 Ill. App. 3d 527, 533 (2007).

¶ 46 "*Res judicata* bars a subsequent action if (1) a final judgment on the merits was rendered by a court of competent jurisdiction, (2) there is an identity of parties or their privies, and (3) there is an identity of cause of action." *Matejczyk v. City of Chicago*, 397 Ill. App. 3d 1, 3 (2009). The doctrine of *res judicata* bars not only what was actually decided in the first action but also whatever could have been decided. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). "The burden of showing that *res judicata* applies is on the party invoking the doctrine." *Hernandez v. Pritikin,* 2012 IL 113054, ¶ 41. The principle underlying the doctrine is that litigation must necessarily have an end and that no person should be unnecessarily harassed with a multiplicity of suits. *Altair*, 318 Ill. App. 3d at 61. *Res judicata* also promotes the conservation of judicial resources by barring repetitive litigation. *Id.* We review the question of whether *res judicata* bars a claim *de novo*. *Amalgamated Transit Union, Local 241 v. Chicago Transit Authority*, 2014 IL App (1st) 122526, ¶ 13.

¶ 47 We find that the circuit court correctly applied the doctrine of *res judicata* to the facts of this case. The trial court found:

> "[I]t is undisputed that in prior litigation, case No. 13 CH 3703, Plaintiff
> sought the identical records he seeks here from the same party (CPD). The court in
> case No. 13 CH3703 rendered a final judgment on the merits. As CPD correctly
> states, *res judicata* bars Plaintiff's claim."

¶ 48 To be clear, Tolbert's claim is predicated on CPD's failure to produce documents pursuant to his 2013 FOIA requests, as is clearly reflected in his "objection" which averred:

> "And had plaintiff known at the time Defendant filed its motion to dismiss
> in case no. 13 CH 3703, that defendant failed to fully comply with his FOIA request

by not providing him with Charles Miller, Ruby Miller and Leo Clark's initial August 27, 2000 statements to CPD this would have created a material fact defeating Defendant's request for summary judgment because a genuine issue of material fact existed then and now, this is why plaintiff had filed a petition to vacate judgment in that case [be]cause defendant did not fully comply with his FOIA requests then and now."

¶ 49 The trial court granted summary judgment in the 2013 case. That judgment was a final, appealable order and provided a valid basis for the dismissal of this case under section 5/2-619(a)(4).

¶ 50 Furthermore, as did the trial court, we reject Tolbert's claim that *res judicata* did not apply to his FOIA request based on Judge McLean Meyerson's order dismissing his section 2-1401 petition. While we recognize that *res judicata* should not be applied when it would be fundamentally unfair to do so, (*Altair*, 318 Ill. App. 3d at 62-63), and that one basis for not applying the doctrine arises when the court in the first action expressly reserves the plaintiff's right to maintain a subsequent action, (*People v. Rein*, 172 Ill. 2d 325, 341 (1996)), this exception does not apply.

¶ 51 The summary judgment order in the 2013 case conclusively determined the parties' respective rights with regard to everything sought in the multiple FOIA requests, including the alleged statements that were the subject to the 2018 FOIA request. The fact that the 2018 request named the particular individuals does not alter the fact that his request involved a single group of operative facts that was first made in 2013, fully litigated, and decided adversely to him. *Res judicata* is triggered where separate claims arise from a single group of operative facts,

regardless of whether they assert different theories of relief and extends to both what was actually decided in the first suit and to matters that could have been decided in that suit. *Mular v. Ingram*, 2016 IL App (1st) 152750, ¶ 21.

¶ 52    Judge McLean Meyerson's ruling that Tolbert was not precluded from filing a new FOIA request seeking additional documents did not lift the bar of *res judicata* where it is the facts as they exist at the time of the judgment that determines whether *res judicata* applies. *Altair*, 318 Ill. App. 3d at 62. This means that our review is necessarily directed to Judge Gamrath's October 7, 2015 order granting summary judgment in the 2013 case. As we have previously found, subsumed within that judgment were the same operative facts that formed the basis of Tolbert's September 10, 2018, FOIA request.

¶ 53    Finally, we agree with the trial court that Judge McLean Meyerson's order is not properly construed as lifting the bar of *res judicata* for the documents specified in his latest FOIA request and additionally note that Tolbert cannot properly rely on that order where his FOIA request preceded his section 2-1401 petition as well as Judge McLean Meyerson's unrelated ruling in that matter.

¶ 54    Where Tolbert's complaint is based on his dissatisfaction with CPD's responses to his 2013 FOIA request, which was litigated and resulted in a final judgment arising from the same criminal matter, it is barred by *res judicata*.

¶ 55                                    CONCLUSION

¶ 56    For these reasons, we affirm the trial court's order granting defendant's motion to dismiss.

¶ 57    Affirmed.