2023 IL App (2d) 220219-U
No. 2-22-0219
Order filed September 11, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| CARYN WILCOX and KYLE WILCOX, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 21-L-827 |
| | ) | |
| HEATHER WRIGHT and COLDWELL | ) | |
| BANKER RESIDENTIAL REAL | ) | |
| ESTATE, LLC, | ) | Honorable |
| | ) | Jacquelyn D. Melius, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court.
Justices Schostok and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Plaintiffs' complaint is barred by *res judicata*.

¶ 2    Plaintiffs, Caryn Wilcox and Kyle Wilcox, appeal the judgment of the circuit court of Lake County dismissing their complaint against defendants, Heather Wright (Wright) and Coldwell Banker Residential Real Estate, LLC (collectively, defendants), on the grounds that it was barred by the doctrine of *res judicata*.  Plaintiffs argue that newly discovered facts should bar the application of *res judicata* in this case and that applying *res judicata* under the facts and circumstances in this case would be fundamentally unfair to them.  We affirm.

¶ 3                                I. BACKGROUND

¶ 4    We summarize the facts appearing in the record.  In January 2016, plaintiffs and Carolyn Wright (seller) entered into a contract regarding the sale of her Lake Bluff property to plaintiffs. Seller had resided at the subject property for over 50 years at the time of the sale.  Seller engaged Wright, her daughter-in-law, to act as her real estate agent.  Wright was at the time employed by the Coldwell Banker as a real estate agent.  The sale of the subject property closed in April 2016. As part of the sale, seller executed a residential real property disclosure report (declaration) in which she denied any material defects in the subject property and, pertinently, denied any flooding affecting the property or defects in the basement and foundation of the residence.  Seller dated the execution of the declaration, "11/18/15."  Wright conveyed the declaration to plaintiffs before the completion of the sale of the subject property.

¶ 5    During the period of March through July 2017, plaintiffs experienced flooding in the basement, including standing water, cracks in the basement walls, water impingement into an electrical box, and flooding with standing water on the grounds of the subject property.  Plaintiffs also encountered outdoor flooding exceeding the height of the basement window wells and foundation.

¶ 6    Plaintiffs sued seller and, on November 15, 2018, filed an amended complaint alleging common law fraud and breach of contract stemming from the seller's failure to disclose any material defects in the declaration and the actual flooding and basement issues plaintiffs experienced (2018 action).  The record on appeal does not include a clear picture of the resolution of the 2018 action.  It appears that, on October 7, 2019, a hearing was held.  Defendants characterize it as a stipulated bench trial, and plaintiffs do not challenge the characterization.  The October 7, 2019, order states that the 2018 matter was before the trial court for trial, with the court receiving written and verbal stipulations.  The court entered judgment in favor of plaintiffs and against seller in the amount of $120,000 plus costs.  The order indicated that seller was required

to file powers of attorney for healthcare and real property within seven days of the judgment. In the October 7, 2019, order, Sally Wright (seller's daughter) was denominated as the agent for the powers of attorney, and seller was denominated as the principal.

¶ 7    On November 5, 2020, seller's daughter was deposed as part of plaintiffs' citation to discover assets. Seller's daughter testified that Wright had knowledge of the issues affecting the subject property and the inaccuracy of seller's declaration. In their statement of facts on appeal and without citation to the record on appeal, plaintiffs assert that, prior to the deposition of seller's daughter, they "had no reason to suspect that [Wright] possessed such knowledge or that any representations made by [Wright], as agent for Seller, were in fact fraudulent."[1]

¶ 8    On November 12, 2021, plaintiffs filed the instant action against defendants. In this action, plaintiffs substantially repeated many of the allegations from the 2018 action against seller alone. Specifically, plaintiffs alleged that defendants committed fraud by delivering to them seller's declaration, possessing actual knowledge of the flooding and basement issues and actual knowledge that seller's declaration was materially false regarding the flooding and basement issues. On March 21, 2022, defendants filed a motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)). Relevantly, pursuant to

---

[1]For purposes of the statement of facts on appeal, we will not consider argument or assertions unsupported by citation to the record on appeal. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Counsel is admonished to conform to the supreme court rules governing the form and content of appellate briefs as they are not simply aspirational, rather, these rules are mandatory carrying the force of law. *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 30. Failure to comply results in our disregard of noncompliant portions and may result striking the brief or dismissing the appeal for the most egregious noncompliance. *Id.*

section 2-619(a)(4) of the Code (*id.* § 2-619(a)(4) (West 2022)), defendants argued that the instant case was barred by *res judicata* because there was an identity of cause of action between the instant case and the 2018 action, there was an identity of parties or their privies, and there was a final judgment on the merits.

¶ 9 On May 18, 2022, the trial court heard arguments on defendants' motion, and it granted the motion based on *res judicata* and dismissed plaintiffs' complaint with prejudice. Plaintiffs timely appeal.

¶ 10                                    II. ANALYSIS

¶ 11 On appeal, plaintiffs argue that the trial court erred in applying *res judicata* and dismissing their complaint. Specifically, plaintiffs contend that the causes of action in the instant case and the 2018 action are not the same because of the newly discovered fact that Wright (and her employer, Coldwell Banker) had actual knowledge of the issues affecting the subject property and that seller's declaration was incorrect. Plaintiffs also argue that applying the doctrine of *res judicata* in this case would result in substantial unfairness to them based on their recent discovery of defendants' misconduct. We address these contentions in turn.

¶ 12                               A. Standard of Review

¶ 13 As an initial matter, this case arises following the trial court's dismissal of plaintiffs' complaint pursuant to section 2-619. A section 2-619 motion admits the legal sufficiency of the complaint but asserts that the claim is defeated by defects or defenses outside of the pleading. *Highview Group, Ltd. v. William Ryan Homes, Inc.*, 2023 IL App (2d) 220019, ¶ 42. We review *de novo* the dismissal of a complaint pursuant to section 2-619. *Id.*

¶ 14                          B. Applicability of *Res Judicata*

¶ 15 We begin by noting that the doctrine of *res judicata* provides a viable ground with which to dismiss a claim. 735 ILCS 5/2-619(a)(4) (West 2022). The doctrine of *res judicata* acts as a

bar to the current action where the defendant can demonstrate (1) the existence of a final judgment on the merits rendered by a court of competent jurisdiction, (2) identity of the parties or their privies, and (3) identity of cause of action. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998).

¶ 16 Here, the 2018 action was tried to a judgment, as evidenced by the October 7, 2019, order, finding in favor of plaintiffs and against seller and awarding plaintiffs $120,000 plus costs. Thus, there is a final judgment on the merits.

¶ 17 There is also an identity of parties or their privies between the 2018 action and the instant case. Plaintiffs are the same in both actions. In the 2018 action, the defendant was seller alone. However, seller was represented in the transaction at issue by Wright and Coldwell Banker. The residential real estate contract listed Wright as seller's designated agent and listed Coldwell Banker as seller's brokerage for purposes of the sale of the subject property. While Wright was not the seller, she was the seller's agent, and, therefore, she was seller's privy for purposes of *res judicata*. *Harrison v. Deere & Co.*, 2014 IL App (3d) 130497, ¶ 36; see also *Alms v. Baum*, 343 Ill. App. 3d 67, 74 (2003) (in other circumstances, privity exists in relationships like master-servant or principal-agent). Likewise, Coldwell Banker, as Wright's employer and seller's real estate broker was also seller's privy for purposes of *res judicata*. *Id.*; see also *Ross Advertising, Inc. v. Heartland Bank & Trust Co.*, 2012 IL App (3d) 110200, ¶ 35 (employees are in privity with their employers).

¶ 18 In any event, plaintiffs, in their initial brief on appeal, do not challenge the element of the identity of the parties. As such, any challenge raised in plaintiffs' reply brief to the element of identity of the parties is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). In their reply brief and for the first time on appeal, plaintiffs contend that whether

seller and defendants were in privity, thereby establishing the identity of the parties, is a factual issue to be determined at trial. Plaintiffs also cite *Atherton v. Connecticut General Life Insurance Co.*, 2011 IL App (1st) 090727, ¶¶ 13-14, for this proposition and for the proposition that courts have determined that agents and principals are ordinarily not in privity with each other for the purposes of *res judicata*. Placing forfeiture of this contention to the side, the *Atherton* court further explains that the limitation on *res judicata* in the principal-agent relationship is based on the idea that a principal is not liable for an agent's tortious conduct unless the conduct is within the scope of the agency; *res judicata* will apply to bar a subsequent action against an agent (following a decision on the merits against the principal in a previous action) only if the previous action concerned a matter within the agency. *Id.* ¶ 14. *Atherton*'s clarification undercuts plaintiffs' contention because defendants' actions were within the scope of their agency with seller, namely, to sell the subject property. *Atherton*, therefore, does not support defendant's proposition that agents and principals are not in privity for purposes of *res judicata*. Thus, even if this contention were not forfeited, it would fail.

¶ 19 The remaining element to establish *res judicata* is the identity of the cause of action between the previous and the instant cases. To determine whether there is an identity in the cause of action between two cases, our supreme court adopted the transactional test. *River Park*, 184 Ill. 2d at 310-11. Under the transactional test, separate claims will be considered the same cause of action if they arise from a single group of operative facts. *Id.* at 311. In deciding if there is a single group of operative facts, courts are pragmatically to consider whether the facts are related in time, space, origin, motivation, and whether they form a convenient trial unit. *Id.* at 311-12. Finally, the bar of *res judicata* extends only to facts and conditions as they existed at the time the previous judgment was rendered—if new facts and conditions intervene before a second action is instituted, thereby establishing a new basis for the claims and defenses of the parties, the issues are no longer

the same, and the former judgment will no longer bar the subsequent action. *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 46.

¶ 20   Under the transactional test, the 2018 action and the instant case satisfy the transactional test and thus establish the identity-of-cause-of-action element for purposes of *res judicata*. The operative group of facts is that seller, with Wright's knowledge (and imputed to Coldwell Banker), knew of the issues of flooding in and on the property and other defects affecting the basement of the house. Seller (again, with Wright's knowledge) incorrectly claimed that there were no issues with the subject property, including, specifically, flooding and defects in the basement. The property was sold to plaintiffs, who relied on seller's declarations. Later, plaintiffs learned of the issues when they experienced flooding on the property and in the basement, and, in turn, discovered the faults in the basement and foundation. From this, we conclude that the common core of operative facts is related in time and space, namely, seller's and defendants' knowledge of the issues besetting the subject property and the falsity of seller's declaration regarding those issues. In addition, the alleged conduct is the same for both seller and defendants: the knowing concealment of the falsity of seller's declaration regarding flooding and other defects in the subject property. The motivation of both seller and defendants is the same: attempting to sell the subject property and inducing the sale through the incorrect terms of the declaration. Finally, the issues raised in the 2018 action and in this action could have been easily resolved at a single trial. The transactional test strongly demonstrates that the 2018 action and the instant case grew out of a single and common core of operative facts. Accordingly, we conclude that the doctrine of *res judicata* bars the instant action.

¶ 21   Plaintiffs argue that "there is no identity of cause of action between" the 2018 action and the instant case. To make this argument, plaintiffs devote three paragraphs covering a bit more than a page in their initial brief on appeal. Plaintiffs argue that the fact that Heather Wright had

knowledge of the flooding at the time of the contract was not discovered until the post-judgment deposition of Sally Wright on November 5, 2020.

¶ 22    Plaintiffs' argument on identity of causes of action consists of providing conclusions without conducting, in any meaningful way, analysis. For example, plaintiffs do not analyze the operative facts of each cause of action under the *River Park* rubric of whether the facts are related in time, space, origin, motivation, and whether they form a convenient trial unit. *River Park*, 184 Ill. 2d at 311-12. Instead, plaintiffs only assert that Sally Wright's testimony constituted a new fact that disrupted the identity of the 2018 action with the instant action, seemingly without recognizing, and certainly without explaining, that *Hayashi* held that *res judicata* did not apply, not because the plaintiff there discovered an historical fact that existed at the time of the previous judgment, but because the law changed, and this change in the law created a new basis for the subsequent action to proceed. *Hayashi*, 2014 IL 116023, ¶ 47. Because this argument is not developed in their initial brief on appeal, it is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument in the appellant's initial brief on appeal "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. *** Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing"); *Hayashi*, 2014 IL 116023, ¶ 50 (undeveloped arguments on appeal are forfeited). That plaintiffs may have more fully developed their argument in their reply brief is insufficient to avoid forfeiture, because a party may not develop an argument for the first time on appeal in its reply. *People v. Robinson*, 2013 IL App (2d) 120087, ¶ 15 (argument forfeited where the party fails to develop or support the argument in its initial brief on appeal and only fleshes out the argument for the first time in its reply brief).

¶ 23    Forfeiture notwithstanding, plaintiffs argue more fully in their reply brief[2] that the 2018 action and the instant case are not identical causes of action for the purposes of *res judicata*. Plaintiffs argue that, in this case, the claim is based on defendants' conduct, while in the 2018 action, their successful claim was based on seller's conduct. Plaintiffs contend that, in this case, defendants concealed the defects in the subject property in order to "reap a commission for themselves," and they accomplished this by providing the seller's declaration to plaintiffs knowing that the declaration was false and misleading. Plaintiffs assert that this case "does not depend upon and is not related to anything that Seller said or did," and "[t]his makes *Defendants'* actions and intent the operative, governing facts in this case," while the operative facts in the 2018 action "are patently not the same" as the operative facts in this case. We disagree.

¶ 24    Instead of conducting a transactional analysis, plaintiffs appear to use a "same evidence" approach, which our supreme court rejected as incompatible with the transactional analysis. *River Park*, 184 Ill. 2d at 310 (the defendant argued that the "application of the same evidence test is inconsistent with our adoption of the transactional test. We agree"). By focusing on defendants' motivation and conduct, plaintiffs narrowly consider only the evidence needed to maintain their fraud claim, and not the core of operative facts out of which both the 2018 action and the instant case arose. Indeed, plaintiffs cite *Rodgers v. St. Mary's Hospital of Decatur*, 149 Ill. 2d 302, 312 (1992), for the proposition that *res judicata* would not apply where the facts pertinent to the subsequent action would not also have sustained the judgment in the first action. Plaintiffs' proposition is taken directly from the *Rodgers* court's definition of the same evidence test. *Id.*

_____

[2]To emphasize, because an argument may not be raised for the first time in the reply brief (Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)), it follows that a contention raised but not argued in the initial brief also may not be developed for the first time in the reply brief.

(under the same evidence test, "*res judicata* bars a second suit if the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions"). Plaintiffs' analysis, therefore, does not address the transaction, focusing instead on the elements and evidence necessary to sustain the fraud claim against seller and the fraud claim against defendants. Accordingly, even had plaintiffs not forfeited this contention for failing to develop it in their initial brief, it incorrectly pursues the same evidence test, and we reject it.

¶ 25                    C. Substantial Unfairness Exception to *Res Judicata*

¶ 26    Plaintiffs argue that applying *res judicata* under the circumstances in this case results in substantial unfairness. Plaintiffs contend that they could not have reasonably known about defendants' knowledge of the falsity of the declaration at any time before they deposed seller's daughter in connection with their citation to discover assets arising from the 2018 action. Plaintiffs also contend that the application of *res judicata* rewards defendants for their fraudulent conduct and punishes plaintiffs for their inability to discover the fraudulent conduct until conducting the citation to discover assets in connection with the 2018 action.

¶ 27    Initially we note that the doctrine of *res judicata* comes with a built-in safety valve: it will not be applied where it would be fundamentally unfair to do so. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390 (2001). What are the contours of "fundamental unfairness" for purposes of *res judicata*? In *Nowak*, for example, our supreme court noted that the plaintiff had timely raised his claim in a federal court action, but the federal court declined to exercise jurisdiction and the plaintiff did not receive his day in court. *Id.* at 392. In *Moy*, 2021 IL App (2d) 200099, ¶¶ 38-39, this court held that it would be fundamentally unfair and unjust to allow the defendant to avoid making mortgage payments on a property and to retain the property that secured mortgage— effectively giving the defendant both her cake and allowing her to eat it and leaving the bank without recourse.

¶ 28    Plaintiffs argue that this sort of unfairness is at play here.  We disagree.

¶ 29    While it is true that the trial court in the 2018 action did not pass upon the claims plaintiffs raise against defendants in the instant case, this failure is laid squarely at plaintiffs' feet, not against any outside entity that prevented plaintiffs from raising the claim.  In their motion to dismiss, defendants contended that plaintiffs did not conduct discovery and instead, effectively settled the 2018 action via a stipulated bench trial.  This contention seems to be supported by the final order entered in the 2018 action, and plaintiffs do not dispute defendants' claim that they did not conduct discovery.  Plaintiffs' inability to raise their claims against defendants in the 2018 action is thus a result of plaintiffs failing to investigate their claims rather than an external source preventing them from raising their claims.  This is more evident when we consider that Wright is seller's daughter-in-law—a fact that easily could have been discovered and surely would have merited further inquiry.

¶ 30    Plaintiffs' contention that the application of *res judicata* effectively rewards defendants' fraudulent conduct is more impactful.  On the one hand, *Moy* supports the idea that the party claiming *res judicata* should not be allowed to profit from its wrongdoing.  *Id.* ¶ 39.  On the other hand, *res judicata* was inapplicable in *Moy* because the later action arose from the defendant's failure to pay on the mortgage in 2018, whereas the earlier actions were based on nonpayment occurring in 2009.  *Id.* ¶ 33.  Thus, because there was not a common core of operative facts between the earlier and later actions, *res judicata* did not apply and *Moy*'s discussion of fundamental unfairness was at best an alternate rationale for its holding.  *Id.* ¶ 39 (even if *res judicata* were applicable, it would not be applied because it would be fundamentally unfair to allow the defendant to retain the property where she had not paid on the mortgage for nine years).  While there is a sense that defendants here may be "getting away with it," we note that plaintiffs received a judgment from seller for the damages incurred by the seller's actions, and so plaintiffs are not

bereft of an opportunity to recover as was the bank in *Moy*. There is no obvious and unfair detriment to plaintiffs who have received a judgment for their injury.

¶ 31    We also note that the doctrine of *res judicata* applies not only to the claims that were raised in the earlier action, but also to those claims that could have been raised in the earlier action. *Nowak*, 197 Ill. 2d at 393. Plaintiffs could have conducted discovery and discovered defendants' misconduct and joined them in the 2018 action.[3] That plaintiffs here did not conduct discovery, thus delaying their uncovering defendants' conduct, cannot be interposed as a reason not to apply *res judicata* to the circumstances of this case.

¶ 32    Plaintiffs argue that the discovery rule should be expressly engrafted into the doctrine of *res judicata*. Normally, the discovery rule applies to ameliorate harsh and unjust effects of mechanically applying the statute of limitations. *Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 52. "The discovery rule postpones the start of the limitations period until a party knows or reasonably should know that an injury has occurred and that it was wrongfully caused." *Id.* We need not decide whether to incorporate the discovery rule (or if it is already incorporated) into the doctrine of *res judicata*, because, by its terms, it would be inapplicable here. As we have discussed above, plaintiffs almost certainly would have learned about defendants' misconduct had they conducted discovery. That plaintiffs did not conduct formal discovery cannot be the basis of applying the discovery rule as they should have known of defendants' misconduct and joined (or at least attempted to join) defendants in the 2018 action.

---

[3]Even if plaintiffs were not allowed to join defendants in the 2018 action, the attempt to do so and the refusal to allow it would be the sort of unfairness occurring in *Nowak*—a court precluding the issue from being raised—and *Moy*—the defendant using *res judicata* to impact the plaintiff's ability to obtain recourse.

¶ 33    Plaintiffs strenuously contend that they simply had no way to learn of defendants' misconduct until they began citation proceedings in the 2018 action and deposed seller's daughter. Plaintiffs argue that they could not include unresearched allegations in their 2018 complaint and that they were entitled to rely on defendants' representations concerning any defects in the subject property.    In other words, defendants' conduct, as reputable real estate brokers and agents, provided an imprimatur of legitimacy to seller's declarations when defendants delivered it to plaintiffs.

¶ 34    While we agree that plaintiffs, in 2015-16, were entitled to expect that the representations of seller and defendants regarding the condition and defects of the subject property were truthful, in 2017, when they experienced flooding and discovered other defects, that expectation was possibly rebutted and merited further inquiry.    It was incumbent upon plaintiffs to investigate the core of operative facts concerning any potential causes of action arising from the events.    This seems especially clear because Wright both shared seller's last name and, in fact, was her daughter-in-law.    However, plaintiffs did not conduct discovery that could have uncovered defendants' misconduct.    Plaintiffs' contention, therefore, is misplaced.

¶ 35    Plaintiffs also argue that *res judicata* does not apply if a plaintiff can clearly and convincingly demonstrate that there is an extraordinary reason that overcomes the policies behind the doctrine.    *Altair Corp. v. Grand Premier Trust & Investment, Inc.*, 318 Ill. App. 3d 57, 63 (2000).    Without defining what might constitute an "extraordinary reason," this court suggested it should include situations where the new facts or conduct are learned shortly before the final judgment in the earlier action, and there was insufficient time for the plaintiff to act. *Id. Altair Corp.* is harmonious with plaintiffs' argument that they discovered defendants' conduct only in 2020 and instituted the instant case expeditiously thereafter.    As discussed above, however, plaintiffs' discovery of defendants' concealment of their knowledge of the true condition and

defects of the subject property appears to be the result of their decision to forgo formal discovery, and not the intervention of a final order or external agency depriving them of the opportunity to act upon the "new" information. Whatever may be an extraordinary reason not to apply the doctrine of *res judicata*, plaintiffs' decision to forgo formal discovery, and any resultant detriment to them, is not one. Thus, plaintiffs have not clearly and convincingly demonstrated the existence of an extraordinary reason not to apply *res judicata*.

¶ 36                                III. CONCLUSION

¶ 37    For the foregoing reasons, we affirm the judgment of the circuit court of Lake County.

¶ 38    Affirmed.