**Peter J. SCHULTZ, Plaintiff,**

v.

**BOESKEN ELECTRIC CO., Defendant.**

**No. C–1–88–352.**

United States District Court,
S.D. Ohio, W.D.

Dec. 23, 1988.

D. Gary Reed, Cincinnati, Ohio, for plaintiff.

Roger J. Makley, Dayton, Ohio, for defendant.

ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Report and Recommendation of the United States Magistrate (doc. no. 16) and the parties' objections and responses thereto.

On November 2, 1988, the Magistrate filed his Report recommending that defend-

ant's Motion to Dismiss be granted in part concluding that plaintiff's contract, fraud, and negligent infliction of emotional distress claims should be dismissed based on ERISA pre-emption principles. Subsequently, on December 5, 1988, plaintiff filed an Amended Complaint which stated the state law based counts in the alternative and eliminated counts 7, 8 and 9 of the original Complaint. Therefore, this Court has reviewed the issues presented in defendant's Motion to Dismiss as it pertains to plaintiff's Amended Complaint.

Regardless of the change in plaintiff's Complaint, plaintiff argues against dismissal of any state law claims in his Complaint and defendant objects to the retention of any of those claims. While there is no question that ERISA pre-empts state law claims pursuant to Section 514, 29 U.S.C. § 1144, those pre-emption principles are dependent upon an initial finding that ERISA applies to the employee and to the benefits plan involved in the specific case. The unique facts of this case render it inappropriate to make that assumption and automatically apply those pre-emption concepts based upon these pleadings.

To sustain a motion to dismiss, it must be demonstrated beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). This Court must accept the allegations in the Complaint as true, along with any conclusions that can reasonably be drawn therefrom. The inquiry is not whether plaintiff will ultimately prevail on his claims, but whether he is "entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Upon de novo review of the pleadings of record and of the arguments advanced by the parties, and in regarding the factual allegations in plaintiff's Complaint as true, the Court concludes that plaintiff's state law claims may specify claims outside the scope of ERISA. Whether the state law claims in this case relate to the administration of an employee benefit plan covered by ERISA is yet an unresolved issue. Until the applicability of ERISA to the particular facts of this case is determined, this Court cannot dismiss those pendent state law claims which are properly before the Court pursuant to diversity of the parties.

While the pre-emption issue may be resolved upon a future motion or at trial, presently it is not ripe for determination under the standards for a Motion to Dismiss. Therefore, the Report and Recommendation of the Magistrate is REJECTED and defendant's Motion to Dismiss (doc. no. 4) is hereby DENIED in its entirety. Further, this matter is REFERRED to Magistrate Robert A. Steinberg for scheduling and further proceedings consistent with this Order pursuant to the Court's previous Order (doc. no. 25).

IT IS SO ORDERED.