**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220479-U

Order filed February 23, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| CHARLES TILL, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-22-0479 |
| | ) | Circuit No. 22-LA-320 |
| NATIONAL GENERAL ACCIDENT AND | ) | |
| HEALTH INSURANCE COMPANY, | ) | The Honorable |
| | ) | Angelo J. Kappas, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice McDade and Justice Brennan concurred in the judgment.

**ORDER**

¶ 1      *Held*: Trial court properly dismissed plaintiff's claims for breach of contract and bad faith against insurer based on *res judicata* where claims were based on same facts as plaintiff's previously filed federal claim against insurer, which district court dismissed for failure to state a claim.

¶ 2      Plaintiff Charles Till filed a complaint against his medical insurer, defendant National General Accident and Health Insurance Company, in federal court alleging that defendant violated the Employment Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 *et seq*. (2018)). Defendant filed a motion to dismiss, asserting lack of subject matter jurisdiction and

failure to state a claim. The district court dismissed plaintiff's action for failure to state a claim. Thereafter, plaintiff filed a complaint in Du Page County Circuit Court against defendant alleging breach of contract and bad faith. Defendant filed a motion to dismiss asserting that plaintiff's complaint was barred by *res judicata*. The circuit court granted defendant's motion and dismissed plaintiff's complaint on *res judicata* grounds. Plaintiff appeals that dismissal. We affirm.

¶ 3                                    BACKGROUND

¶ 4         On March 14, 2018, plaintiff went to the emergency room after losing consciousness. According to plaintiff, emergency room medical staff did not perform any definitive examinations or tests on him and did not provide him with a diagnosis. Plaintiff left the hospital the same day.

¶ 5         The next day, plaintiff purchased a short-term medical insurance policy from defendant, effective March 16, 2018, to January 14, 2019. The policy had a "Pre-Existing Condition Exclusion," which stated: "Charges resulting directly or indirectly from a Pre-Existing Condition are excluded from coverage hereunder." The policy defined "Pre-Existing Condition" as "a condition for which medical advice, diagnosis, care, or treatment (including receiving services and supplies, consultations, diagnostic tests or prescriptive medicines) was recommended or received within the 12 months immediately preceding the Effective Date."

¶ 6         On March 17, 2018, plaintiff returned to the emergency room. At that time, medical staff diagnosed plaintiff with a pulmonary embolism. Plaintiff received medical treatment for his condition and remained in the hospital until March 21, 2018. Plaintiff sought coverage from defendant for the medical expenses he incurred from March 17 to 21, 2018. Defendant denied plaintiff coverage, asserting the pre-existing condition policy exclusion. Plaintiff filed an appeal with defendant, which defendant denied. Plaintiff continued to appeal defendant's decision, and

on March 2, 2020, defendant notified plaintiff that his internal and external appeal review rights had been exhausted.

¶ 7    On May 31, 2021, plaintiff filed an action against defendant in the United States District Court for the Northern District of Illinois, Eastern Division. In the opening paragraph of his complaint, plaintiff stated: "This is an action seeking redress for Defendant National General Insurance Company's unlawful denial of benefits to the Plaintiff in violation of the Employment Retirement Income Security Act ("ERISA") 29 U.S.C. § 1132(a)(3); and Illinois statutory and common law theories of recovery." The sole count of plaintiff's complaint alleged "Denial of Benefits in Violation of the Employment Retirement Income Security Act."

¶ 8    Defendant filed an answer to the complaint admitting that "the Court has jurisdiction over the subject matter of this Complaint." Defendant later filed a motion to withdraw its answer, as well as a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) (Fed. R. Civ. P. 12 (eff. Dec. 1, 2009)), asserting lack of subject matter jurisdiction and failure to state a claim.

¶ 9    On March 8, 2022, the federal district court issued its written memorandum opinion and order. In the first paragraph of that order, the court stated:

> "National General has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. R. 16. The motion to dismiss for failure to state a claim is granted." *Till v. National General Accident and Health Insurance Co.*, No. 21-C-1256, slip op. at 1 (March 8, 2022).

After discussing the facts alleged in plaintiff's complaint, the court then turned to the issue of subject matter jurisdiction, ruling that it had subject matter jurisdiction over plaintiff's ERISA claim. The court stated:

"Till's invocation of ERISA provides the court subject matter jurisdiction to decide whether ERISA covers his policy. And a finding that Till's policy is outside ERISA's scope does not thereby deprive the Court of subject matter jurisdiction; it simply means that Till's claim must be dismissed." *Id*. at 3.

The district court then discussed the standards for sufficiently stating a claim:

"A complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,' [citation], sufficient to provide defendant with 'fair notice' of the claim and the basis for it. [Citation.] This standard 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.' [Citation.] While 'detailed factual allegations' are not required, 'labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' [Citation.] The complaint must 'contain sufficient factual matter accepted as true, to "state a claim to relief that is plausible on its face."' [Citation.] '"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."' [Citation.] In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inference in favor of the non-moving party. [Citation.]" *Id*. at 4-5.

The district court then examined ERISA's provisions and the allegations of plaintiff's complaint related to the insurance policy plaintiff purchased from defendant and determined that "Till's policy is not covered by ERISA." *Id*. at 7. The district court concluded:

"Therefore, National General's motion to dismiss [16] is granted, and Till's claim is dismissed. National General's motion to withdraw its answer [15] is denied as moot. Because Till's ERISA claim is dismissed as a matter of law and not based on the

4

plausibility of his allegations, repleading would be futile and the claim is dismissed with prejudice. To the extent Till has brought a state law claim under the Court's supplemental jurisdiction, that claim is dismissed without prejudice." *Id.* at 8.

¶ 10 On April 6, 2022, plaintiff filed a two-count complaint in Du Page County Circuit Court against defendant. Count I alleged breach of contract, and count II alleged bad faith. Defendant filed a motion to dismiss, pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2020)) asserting that plaintiff's complaint was barred by *res judicata* because of the federal court's dismissal of plaintiff's ERISA claim.

¶ 11 On August 11, 2022, the circuit court held a hearing on defendant's motion to dismiss. At that hearing, the circuit court found that all requirements of *res judicata* were met "given that these set of operative facts have been adjudicated on the merits by the district court ruling on a failure to state a claim, with plaintiff failing to assert state-law claims in the federal court action, even when it could have ***." The court entered an order granting defendant's motion to dismiss and dismissing plaintiff's complaint "in its entirety with prejudice under res judicata." Plaintiff filed a motion to reconsider and vacate, which the circuit court denied.

¶ 12 ANALYSIS

¶ 13 A defendant can raise the defense of *res judicata* in a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure, 735 ILCS 5/2-619(a)(4) (West 2020). *Altair Corp. v. Grand Premier Trust and Investment, Inc.*, 318 Ill. App. 3d 57, 61 (2000). When ruling on such a motion, the circuit court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmoving party. *Id.* We review *de novo* a circuit court's dismissal of a complaint on *res judicata* grounds. *Id.*

5

¶ 14  "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). The doctrine bars not only what was actually decided in the original action but also whatever could have been decided. *Id.* at 334-35. Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions. *Id.* at 335. "The underlying policy of *res judicata* is to promote judicial economy by preventing repetitive litigation and to protect a defendant from the harassment of relitigating essentially the same claim." *Richter v. v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 21.

¶ 15  A final order or judgment is essential to *res judicata*. *Id*. ¶ 22. "To be 'final,' a judgment or order must terminate the litigation and fix absolutely the parties' rights, leaving only enforcement of the judgment." *Id*. ¶ 24. In determining whether a judgment or order is final, the court should look to its substance rather than its form. *Id*.

¶ 16  Illinois Supreme Court Rule 273 provides: "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. S. Ct. R. 273 (eff. Jan. 1, 1967). "Under Illinois law, therefore, it is clear that the dismissal of a complaint for failure to state a claim is an adjudication on the merits [citations], while the dismissal of a complaint for lack of subject matter jurisdiction is not considered a decision on the merits of the complaint [citation]." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 303 (1998).

¶ 17    "The same is true under federal law." *Id*. at 303-304. Pursuant to Federal Rule of Civil Procedure 41(b), "any dismissal *** except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b) (eff. Dec. 1, 2007). "A dismissal for lack of subject matter jurisdiction is not on the merits and consequently will not bar a later suit." *Bunker Ramo Corp. v. United Business Forms, Inc.*, 713 F.2d 1272, 1277 (7th Cir. 1983). "A dismissal for failure to state a claim upon which relief can be granted, however, is a dismissal on the merits and is *res judicata*." *Id*.

¶ 18    In determining whether there is an identity of causes of action for purposes of *res judicata*, Illinois courts apply a transactional test. *River Park, Inc.*, 184 Ill. 2d at 311. Under this test, "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id*. A plaintiff's federal and state claims are the same cause of action for purposes of *res judicata* if "they arise from the same core of operative facts." See *id.* at 313.

¶ 19    Turning to the merits of this case, plaintiff argues that the first requirement of *res judicata* was not satisfied because the federal district court dismissed his ERISA claim for lack of subject matter jurisdiction. We disagree.

¶ 20    In the opening paragraph of its written memorandum opinion and order, the district court noted that the bases of defendant's motion to dismiss plaintiff's complaint were lack of subject matter jurisdiction and failure to state a claim. *Till*, No. 21-C-1256, slip op. at 1. However, immediately thereafter, the court stated: "The motion to dismiss for failure to state a claim is granted." *Id*. The court then discussed subject matter jurisdiction and determined that it had subject matter jurisdiction over plaintiff's ERISA claim. *Id*. at 3. Thereafter, the court discussed the standards for a complaint to sufficiently state a claim (*id*. at 4-5) and determined that plaintiff

7

failed to state a claim for a violation of ERISA because plaintiff's policy was "not covered by ERISA" (*id*. at 7). Thus, the language of the district's court opinion makes clear that its dismissal of plaintiff's complaint was not based on jurisdictional grounds but for failure to state a claim.

¶ 21 The plaintiff's argument is refuted not only by the language of the district court but also the court's analysis. If the district court had found subject matter jurisdiction lacking, there would have been no need to discuss the sufficiency of plaintiff's allegations. In fact, without subject matter jurisdiction, the court would have no power to do so. See *Bunker Ramo Corp*., 713 F.2d at 1279 ("Once a court expresses the view that it lacks jurisdiction, the court thereafter does not have power to rule on any other matter."). The district court's analysis, therefore, indicates that plaintiff's failure to state a claim under ERISA was the sole basis for dismissal. Thus, the district court's dismissal was an adjudication on the merits. See *River Park, Inc.*, 184 Ill. 2d at 303-04.

¶ 22 Plaintiff also argues that the second requirement of *res judicata* was not satisfied because his federal ERISA claim and his state law claims for breach of contract and bad faith are not the same. We disagree.

¶ 23 The factual allegations contained in plaintiff's state and federal complaints parallel each other. In both complaints, plaintiff alleged: (1) he purchased a policy of insurance, policy number 671272722, from defendant that provided coverage for his healthcare; (2) the policy was effective from March 16, 2018 to January 14, 2019; (3) he performed all his obligations under the policy and "fully paid all of the applicable premiums" to defendant; (4) on March 14, 2018, he "presented to the emergency room"; (5) on that date, emergency room personnel "established no history" and provided him with no diagnosis; (6) he "was not admitted to the hospital" on March 14, 2014, and went home that day; (7) he "presented again to the emergency room on March 17, 2018"; (8) he was first diagnosed with a pulmonary embolism on March 17, 2018; (9) he "remained in the

8

hospital until he was released on March 21, 2018"; (10) his diagnosis came after the policy was "in effect"; (11) "[d]efendant is denying benefits and refuses to pay for any of Plaintiff's medical bills on the basis that the policy does not cover pre-existing conditions;" (12) defendant's denial of benefits is wrongful and unlawful; (13) "[p]laintiff has exhausted all appeals with Defendant"; and (14) "[a]s a result of Defendant's actions, Plaintiff suffered severe damages, including but not limited to the denial of benefits and the inability to pay outstanding medical bills and costs." The facts on which plaintiff bases his claim for relief under state law are virtually identical to the facts on which his federal ERISA claim was based.

¶ 24 Plaintiff's state law claims and federal ERISA claim arise from the same core of operative facts. Like plaintiff's ERISA action, plaintiff's state law claims are based on defendant's refusal to pay his medical expenses from his March 17-21, 2018 hospitalization. Plaintiff's state law claims for breach of contract and bad faith brought after his ERISA action was dismissed were merely a "substitution of labels." See *River Park, Inc.*, 184 Ill. 2d at 316. An identity of cause of action exists between plaintiff's state law claims and federal ERISA claim; therefore, the second requirement of *res judicata* was satisfied. See *Rein*, 172 Ill. 2d at 335.

¶ 25 Plaintiff does not dispute that the third requirement for *res judicata* was met. The parties in both the federal and state actions were identical. Accordingly, the three requirements for application of the doctrine of *res judicata* were satisfied in this case. See *id*.

¶ 26 Nevertheless, plaintiff contends that the doctrine of *res judicata* should not bar his state claims because he could not have asserted them in federal court.

¶ 27 Federal district courts have exclusive jurisdiction over ERISA claims. 29 U.S.C. § 1132(e)(1) (2018). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy ***." 28 U.S.C. § 1367(a) (2018). A federal district court may decline to exercise supplemental jurisdiction over pendent state claims after dismissing a federal claim. See *id*. § 1367(c)(3); *River Park, Inc.*, 184 Ill. 2d at 317-18.

¶ 28        "Illinois courts have held that, when a federal court declines to exercise supplemental jurisdiction over state-law claims, *res judicata* will *not* apply to bar subsequent litigation of a state-law claim in state court." (Emphasis in original.) *Hebert v. Cunningham*, 2018 IL App (1st) 172135, ¶ 32 (citing *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 393-94 (2001) and *Schandelmeier-Bartels v. Chicago Park District*, 2015 IL App (1st) 133356, ¶¶ 28-31). However, if the plaintiff files suit in federal court and does not include state claims that could have been decided in that suit, the plaintiff is barred under the doctrine of *res judicata* from raising those claims in state court following dismissal of the federal suit. *River Park, Inc.*, 184 Ill. 2d at 318.

¶ 29        In *River Park, Inc.*, our supreme court rejected the same argument plaintiff makes here: that "the doctrine of *res judicata* should not bar their state claims because they could not have asserted these claims in federal court." *Id*. at 317. In that case, the plaintiffs filed a complaint in federal court alleging that the defendant "was liable pursuant to 42 U.S.C. § 1983 (1994) for depriving them of their property rights without due process of law in violation of the United States Constitution." 184 Ill. 2d at 297. The federal district court dismissed the plaintiff's complaint. *Id*. at 293. Thereafter, the plaintiffs filed state claims in state court against the same defendant, which the circuit court dismissed based on *res judicata*. *Id*.

¶ 30        On appeal, the plaintiffs argued that *res judicata* should not apply because even if they had filed state claims in federal court, the district court would have dismissed those claims when it dismissed their federal claim. *Id*. at 318. The supreme court disagreed, stating that because the

10

plaintiffs did not file any state claims in federal court, "we do not know whether the district court would have refused to exercise supplemental jurisdiction over these claims." *Id*. Because the plaintiffs' state claims " 'could have been decided' in their federal suit," the supreme court held that those claims were barred by *res judicata* when the district court dismissed plaintiff's federal suit. *Id*.

¶ 31        The supreme court also rejected the plaintiffs' argument that it was "unfair to bar their state claims under the *res judicata* doctrine." *Id*. at 318. The supreme court found no unfairness to the plaintiffs because "they chose not to assert their state causes of action in their suit in federal court." *Id*. at 319. The supreme court explained:

'The purpose of *res judicata* is to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts and also [to] prevent[ ] the unjust burden that would result if a party could be forced to relitigate what is essentially the same case.' [Citation.] This purpose would be undermined if plaintiffs were permitted to pursue their state claims after bringing the same cause of action against defendant in federal court." (Internal citations omitted.) *Id*.

¶ 32        Under the fundamental principle of *stare decisis*, circuit and appellate courts are required to apply supreme court precedent to the cases before them. *Yakich v. Aulds*, 2019 IL 123667, ¶ 13. Thus, we are required to follow our supreme court's decision in *River Park, Inc.*

¶ 33        Plaintiff, however, argues that *River Park, Inc.*, is distinguishable and not controlling because (1) plaintiff was prohibited from bringing state law claims in federal court due to ERISA preemption, and (2) the district court stated that to the extent plaintiff raised a state law claim, it would be dismissed without prejudice. We disagree.

11

¶ 34        ERISA preempts any state law that relates to an employee benefit plan. See *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48-49 (1987). State law claims for breach of contract and bad faith based on an insurance policy that qualifies as an employee benefit plan are, therefore, preempted by ERISA. See *Clark v. Hewitt Associates, LLC*, 294 F. Supp.2d 946, 953 (N.D Ill. 2003). However, despite preemption, a plaintiff can bring state law claims in federal court along with an ERISA claim. See *Simon v. Allstate Employee Group Medical Plan*, 263 F.3d 656, 658 (7th Cir. 2001); *Coleman v. Standard Life Insurance Co.,* 288 F. Supp. 2d 1116, 1117 (E.D. Cal. 2003)*; Schultz v. Boesken Electric Co.*, 703 F. Supp. 656, 657 (S.D. Ohio 1988). The United States District Court for the Eastern District of California explained why it is proper for a plaintiff to do so:

> "In the ERISA context, in particular, there will often be good reason for alternatively pleading state and federal claims. When there is some doubt over whether ERISA is applicable under a given set of facts, especially where there is doubt about whether a particular plan is in fact an ERISA plan, proceeding in any other way can be hazardous for the plaintiff. If the plaintiff brings only state law claims and the court determines there is an ERISA plan, the state law claims are preempted. But if the plaintiff brings only an ERISA claim and the plan turns out *not* to be an ERISA plan, the plaintiff is also out of luck." (Emphasis in original.) *Coleman*, 288 F. Supp. 2d at 1120.

¶ 35        Here, plaintiff chose not to bring his state law claims along with his ERISA claim in district court, the district court dismissed plaintiff's ERISA claim, and plaintiff is now barred from pursuing his state claims. See *Simon*, 263 F.3d at 658 (ruling the plaintiff's state law claims were barred by *res judicata* because the plaintiff could have raised them in his original suit claiming an ERISA violation but failed to do so). Despite plaintiff's contention to the contrary, he was not prohibited from bringing his state claims in federal court. See *id*.; Coleman, 288 F. Supp. 2d at

12

1120; *Schultz*, 703 F. Supp. at 657. Thus, we reject plaintiff's attempt to distinguish *River Park, Inc.* on that basis.

¶ 36 Finally, plaintiff argues that the result in this case should be different from *River Park, Inc.* because here the district court stated: "To the extent Till has brought a state law claim under the Court's supplemental jurisdiction, that claim is dismissed without prejudice."

¶ 37 Plaintiff stated in the introductory paragraph of his federal complaint that he was seeking redress under ERISA "and Illinois statutory and common law theories of recovery." However, the sole count of plaintiff's complaint alleged a violation of ERISA. Plaintiff failed to allege that defendant violated any state laws. Because plaintiff did not bring any state law claims when he filed his ERISA action in federal court, the district court's statement that it would have dismissed such claims without prejudice was meaningless and had no effect.

¶ 38 We find our supreme court's decision in *River Park, Inc.* controlling. Based on supreme court precedent, the trial court properly dismissed plaintiff's complaint pursuant to the doctrine of *res judicata*. See *River Park, Inc.*, 184 Ill. 2d at 317-19.

¶ 39         CONCLUSION

¶ 40 The judgment of the circuit court of Du Page County is affirmed.

¶ 41 Affirmed.