2026 IL App (1st) 242516-U
No. 1-24-2516

SIXTH DIVISION
March 27, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| CHET SMITH, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22 L 6421 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Jerry A. Esrig, |
| | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.

**ORDER**

¶ 1  *Held:* We affirm the trial court's judgment where it (1) dismissed plaintiff's complaint with prejudice because his claims were barred by *res judicata* and untimely filed, and (2) denied plaintiff's motion for a default judgment.

¶ 2  Plaintiff Chet Smith appeals *pro se* from the trial court's dismissal of his complaint alleging police misconduct related to his arrest, and subsequent "cover up" of the misconduct. On appeal, plaintiff contends that the trial court erred in dismissing his complaint because *res judicata* did not apply to his claims where a related federal suit was dismissed for lack of jurisdiction and the statute of limitations had not yet lapsed because he filed the circuit court complaint within a year of the

dismissal of his federal complaint. He also argues that the trial court erred in vacating a default judgment entered against defendant, the City of Chicago. For the following reasons, we affirm.

¶ 3                                              I. BACKGROUND

¶ 4        The following facts are adduced from, *inter alia*, plaintiff's June 18, 2024, *pro se* second amended complaint, and the *pro se* federal complaints and dismissal orders attached to defendant's motion to dismiss.

¶ 5        On September 8, 2018, plaintiff was arrested by police officers in Lansing, Illinois, after an investigation related to aggravated battery with a firearm.[1] According to plaintiff, the officers tracked his cellular telephone without obtaining a warrant to do so. The record reflects that plaintiff was arrested in Lansing, Illinois, but he directed his contentions at the Chicago Police Department primarily. Plaintiff subsequently requested that the Chicago Office of Police Accountability (COPA) investigate his criminal case, but they closed his investigation on August 19, 2020.

¶ 6        Plaintiff filed a *pro se* federal complaint on December 29, 2020, against defendant, COPA, and several other individually named defendants, arguing that the officers tracked him illegally and entered into a conspiracy with COPA to "cover up" the wrongdoing in violation of the Civil Rights Act (42 U.S.C. § 1983 (2018)). He further contended that he was discriminated against due to his race, and COPA's actions in "turn[ing] a blind eye" to the misconduct resulted in a "deprivation of [plaintiff's] federally protected rights." Plaintiff filed a separate federal suit directed at the unlawful use of the cell site simulator device, which is not in the record on appeal. During the pendency of these suits, plaintiff filed a FOIA request to the Chicago Office of the

---

[1] According to records from the Illinois Department of Corrections (IDOC), plaintiff was convicted of aggravated battery and sentenced to 10 years' imprisonment in 2024. See *People v. Castillo*, 2022 IL 127894, ¶ 40 ("Courts frequently take judicial notice of public documents, including records from the IDOC.").

Inspector General (OIG) regarding the COPA investigation on March 26, 2021. His request was denied on April 2, 2021.

¶ 7 On June 15, 2021, the federal district court entered a final judgment dismissing plaintiff's complaint "for failure to state a claim." The court found that plaintiff did not identify "a constitutional right that was violated by the alleged failure to investigate his complaint." Additionally, plaintiff did not allege facts which established that the COPA investigation affected the underlying police investigation or that COPA discriminated against him due to his race; accordingly, he did not state a § 1983 claim because his allegations against defendant and COPA were conclusory. The court also concluded that COPA's actions did not prevent him from pursuing legal remedies, especially since he filed a complaint directed at his allegedly unconstitutional seizure. The court dismissed plaintiff's claim that COPA investigators "actively participated in prolonging his detention" without prejudice, so that he could raise the claim in his other federal suit. Otherwise, the court dismissed the rest of plaintiff's allegations with prejudice.

¶ 8 Plaintiff filed another *pro se* federal complaint under § 1983 on June 30, 2021, naming defendant, the OIG Staff, and another set of individual defendants employed by the OIG. In this complaint, plaintiff contended that the OIG ignored the CPD & COPA misconduct. Plaintiff alleged that OIG hampered his investigation as part of the conspiracy and committed "misprision of felony" in actively concealing the misdeeds. He further contended that OIG discriminated against him due to his race, committed a Freedom of Information Act (FOIA) violation, and did not adequately train its employees.

¶ 9 On July 23, 2021, the federal district court dismissed plaintiff's second § 1983 complaint as frivolous and for failure to state a claim for which relief could be granted. The court found that plaintiff's contentions relied "largely on legal conclusions and lack[ed] context" and detailed the

history of plaintiff's other federal complaints regarding the same basic issues. It noted that plaintiff's allegations were "for all practical purposes" a duplicate of prior allegations in his 2020 federal complaint with different defendants named. In addressing plaintiff's claim of a "purported FOIA violation," the court noted that such a claim did not arise under the Constitution or federal law, but rather arose under Illinois law, and thus did not "provide a basis for a claim under section 1983."

¶ 10  Plaintiff filed a *pro se* complaint in the circuit court of Cook County on July 10, 2022, against defendant, COPA, OIG, and the "IPRA." He contended that a Chicago police detective "fabricate[d] police reports" and made an "illegal arrest" in Lansing, Illinois related to the improper use of a "cell-site-simulator" tracking device. He argued that he gave COPA, OIG, and the other defendants "ample documents" to prove that the Chicago Police Department committed the misconduct but they provided him with "false and misleading information" and did not investigate the matter.

¶ 11  On August 23, 2022, plaintiff filed a *pro se* amended complaint wherein he alleged additional facts that the detective fabricated police reports to claim that he obtained probable cause to seize plaintiff, and another officer "illegally deployed a cell-site simulator" to track plaintiff's cellular telephone. Defendant, along with COPA, OIG, and "IPRA," did not respond to plaintiff's complaints or provided him with false information.

¶ 12  On May 22, 2023, an unapproved special process server served defendant with the complaint by corporate service. Defendant did not initially appear in the case. Plaintiff subsequently filed a motion for default judgment on October 16, 2023. On October 18, 2023, the court granted plaintiff's motion to appoint a special process server *nunc pro tunc* to May 21, 2023,

and appointed the special process server. The matter was scheduled for "prove-up" on January 25, 2024, although the common law record does not contain a default order.

¶ 13    On January 25, 2024, the court entered and continued plaintiff's motion for default and "the prove-up hearing" until March 11, 2024. It also ordered defendant to file a motion "to vacate the default order and/or responsive pleading" by February 9, 2024.

¶ 14    On February 8, 2024, defendant filed an appearance and motion to deny or strike plaintiff's motion for default and vacate any default order. Defendant contended that the summons was served to the incorrect department initially, and the Department of Law first became aware of it on January 24, 2024. Defendant argued that plaintiff's motion for default judgment should be denied because the court did not enter an order of default and, even if it had, defendant appeared on January 25, 2024, at the prove-up hearing, the day after it first learned about the suit. The court entered and continued the motion and granted plaintiff leave to amend his complaint.

¶ 15    On June 18, 2024, plaintiff filed his *pro se* second amended complaint, additionally naming COPA investigator David Bar and OIG deputy inspector William Marback as defendants. Plaintiff alleged fundamentally the same facts as his second federal complaint, regarding defendant's misconduct during his arrest and the subsequent investigations. He further contended that defendants acted willfully and wantonly in covering up the Chicago Police Department's misconduct in response to his FOIA request, and their actions caused him to have a "prolong[ed] detention" at the Cook County Jail.

¶ 16    On July 31, 2024, defendant filed a combined motion to dismiss under 735 ILCS 5/2-619.1 (West 2024), arguing multiple bases for dismissal under sections 2-619 and 2-615 of the Code of Civil Procedure (Code). Defendant contended that under section 2-615, plaintiff's claims against COPA and OIG must be dismissed with prejudice because they are "non-suable entities," and

plaintiff failed to substantiate all his claims with sufficient facts. Under section 2-619, defendant argued that plaintiff's claims were barred by the Illinois Tort Immunity Act and by *res judicata* due to bringing the same charges twice in federal court. Defendant also contended plaintiff's complaint was untimely filed after the one-year statute of limitations had expired. Defendant attached, *inter alia*, plaintiff's two federal complaints directed at these issues and the orders dismissing the complaints for failure to state a claim.

¶ 17      After a hearing, the court granted defendant's motion to dismiss in a written order on November 26, 2024.[2] The court dismissed plaintiff's complaint with prejudice on the grounds that his claims were barred by *res judicata* and by the applicable statute of limitations. The court also denied plaintiff's motion for a default judgment.

¶ 18      Plaintiff filed a timely notice of appeal on December 17, 2024, which only addressed the City of Chicago as a defendant.

¶ 19                              II. ANALYSIS

¶ 20      On appeal, plaintiff argues that the trial court erred in granting defendant's motion to dismiss his complaint as *res judicata* did not apply because the district courts dismissed plaintiff's federal complaints for lack of jurisdiction and he did not "actually litigate" the relevant issues in the suit.

¶ 21      As an initial matter, the facts underlying plaintiff's complaints relate to the police's alleged use of technology to track plaintiff's cellular telephone without having obtained a warrant to do so. In general, police officers must obtain a warrant supported by probable cause for a search or seizure to be reasonable under the fourth amendment. See *People v. Balfour*, 2015 IL App (1st) 122325, ¶ 35. Further, an individual maintains a legitimate expectation of privacy with regard to

---

[2] The record on appeal lacks a report of proceedings.

his or her physical movements as captured through tracking data obtained from cellular telephone records. *Carpenter v. United States*, 535 U.S. 296, 310 (2018). Here, plaintiff addresses the related concern of the officers' lack of probable cause to use a "cell site simulator" device or "stingray" to track his cellular device. See, *e.g.*, *United States v. Carrazco-Martinez*, 166 F. 4th 672, 675 (7th Cir. 2026) (the government obtained a warrant prior to using a cell-site simulator to track the defendant). However, these facts were not developed in the circuit court as plaintiff's complaint was dismissed with prejudice due to other deficiencies, so we need not consider the merits of his allegations regarding police misconduct and any purported conspiracy to "cover up" the misconduct.

¶ 22                              A. Standard of Review

¶ 23        This appeal is pursuant to a combined motion to dismiss under section 2-619.1 of the Code. Section 2-619.1 allows, in relevant part, "[m]otions with respect to pleadings under Section 2-615, motions for involuntary dismissal or other relief under Section 2-619 *** [to] be filed together as a single motion in any combination. 735 ILCS 5/2-619.1 (West 2024). A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint based upon defects apparent on its face. *EBNB 70 Pine Owner Restaurant v. Fireman's Fund Insurance Company*, 2024 IL App (1st) 231863, ¶ 17; 735 ILCS 5/2-615 (West 2024). A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts an affirmative defense or other ground to defeat plaintiff's complaint. *Bernacchi v. Illinois Department of Insurance*, 2024 IL App (1st) 231710, ¶ 13; 735 ILCS 5/2-619 (West 2024). "The resolution of either motion involves only a question of law, and therefore this court's review is *de novo*." *Tielke v. Auto Owners Insurance Company*, 2019 IL App (1st) 181756, ¶ 22.

¶ 24                                                    B. *Res Judicata*

¶ 25        Section 2-619(a)(4) of the Code provides a basis for involuntary dismissal because "the cause of action is barred by a prior judgment." 735 ILCS 5/2-619(a)(4) (West 2024). "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars a subsequent action between the same parties or their privies involving the same cause of action." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 21. This extends not only to what was actually decided in the earlier action, but to those matters which could have been decided as well. *Id*. A cause of action "is defined by the facts that give rise to a right to relief," so although the same group of facts may give rise to many different theories of recovery, "there remains a single cause of action." *Wilson v. Edwards Hospital, et al.*, 2012 IL 112898, ¶ 10.

¶ 26        Plaintiff does not contend that his circuit court complaint does not arise from the same set of facts or involve the same parties as his prior federal suits, but rather argues that his prior suits were not final judgments on the merits as they were dismissed due to a lack of jurisdiction.

¶ 27        A final judgment is a determination by the court which "ascertains and fixes *absolutely and finally* the rights of the parties in the lawsuit." (Emphasis in original.) *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 47. "A dismissal for failure to state a claim upon which relief can be granted *** is a dismissal on the merits and is *res judicata*." *Till v. National General Accident and Health Insurance Company*, 2024 IL App (3d) 220479-U, ¶ 17.

¶ 28        Although plaintiff contends that his prior federal complaints were not final judgments because the federal courts dismissed them due to a lack of jurisdiction, the orders reflect that both complaints were dismissed because plaintiff failed to state a claim upon which relief could be granted. That is a final judgment which triggers *res judicata*. See *id*. Although plaintiff argues that the federal court lacked subject matter jurisdiction over his state law claims of negligence and a

FOIA violation, "[f]ederal courts are entitled to exercise supplemental jurisdiction over claims that are part of the 'same case or controversy' as a claim over which they have original jurisdiction." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 317 (1998).

¶ 29     Here, at most, the second federal court noted that the allegation of a FOIA violation did not implicate the Constitution or federal law. However, the court did not dismiss the claim due to a lack of subject matter jurisdiction, but rather determined that it did not provide a basis for a § 1983 claim. The federal district court could have exercised its supplemental jurisdiction to decide this issue. See *id*. Nor did plaintiff raise negligence in either federal complaint, so we have no basis for determining whether the federal district court would have exercised supplemental jurisdiction to resolve the issue. See *id*. (because plaintiffs filed no state court claims in federal court "we do not know whether the district court would have chosen to exercise supplemental jurisdiction"). As such, plaintiff's prior federal cases resulted in a final judgment on the merits.

¶ 30     Plaintiff also contends that he did not "actually litigate" the relevant issues in the first suit. However, as noted, *res judicata* is not limited to issues that were "actually litigated" in prior suits, but rather extends to matters which could have been decided. See *Richter*, 2016 IL 119518, ¶ 21. As plaintiff could have raised his circuit court claims in federal court, his complaint is barred by *res judicata*. Thus, the court did not err in dismissing his second amended complaint. See *Till*, 2024 IL App (3d) 220479-U, ¶ 17.

¶ 31                                        C. Statute of Limitations

¶ 32     Alternatively, plaintiff argues that the court erred in dismissing his complaint due to a lapsed statute of limitations where he filed his first federal complaint within one year of COPA and OIG closing his case, and his circuit court complaint within one year of the dismissal of his second federal complaint.

¶ 33    A complaint may be involuntarily dismissed under section 2-619(a)(5) of the Code where "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2024). Under the Tort Immunity Act, any claim against a local governmental entity "may [not] be commenced in any court *** for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a) (West 2020); *Giese v. Boyce*, 2024 IL App (3d) 240116-U, ¶ 33 (applying one-year statute of limitations to negligence claims against public employees that assert willful and wanton conduct).

¶ 34    A cause of action accrues when "the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful acts of another." *One Fish Two Fish, LLC v. Struif*, 2021 IL App (1st) 191441, ¶ 45. To the extent that plaintiff's complaint implicates a "coverup" related to his arrest and subsequent investigation, the cause of action accrued on April 2, 2021, at the latest, when the OIG denied his FOIA request. He first filed his circuit court complaint on July 10, 2022, over one year after the cause of action accrued.

¶ 35    Plaintiff does not contest that the one-year statute of limitations applies to his claims. He, however, essentially contends that the federal district court's dismissal of his complaints extended the time for him to file his circuit court claim. See 735 ILCS 5/13-217 (West 2020) (extending the statute of limitations to file a new cause of action where the initial action was dismissed by a United States District Court for, *inter alia*, a lack of jurisdiction).

¶ 36    Section 13-217 does not apply to extend the statute of limitations for plaintiff's circuit court complaint because, as outlined, the federal district court dismissed both federal complaints for failure to state a claim, not due to a lack of jurisdiction. See *id*. Nevertheless, even if section 13-217 did apply to the dismissal of plaintiff's federal complaints, it did not extend the time for filing

his circuit court complaint. Here, plaintiff's circuit court complaint was his third filing regarding the same set of facts, where section 13-217 permits only one refiling under such circumstances. *Ware v. Best Buy Stores, L.P.*, 2024 IL App (1st) 231326, ¶ 10 (where the plaintiffs' first federal complaint was dismissed for a lack of jurisdiction, they were entitled to one refiling, so their third cause of action was barred).

¶ 37        Finally, plaintiff argues that he first received notice of the dismissal of his first federal complaint in late July or early August 2021, within one year of the filing of his initial circuit court complaint on July 10, 2022. To the extent plaintiff raises equitable tolling, we find the circumstances of this case do not permit such an extraordinary remedy. See *American Family Mutual Insurance Co. v. Plunkett*, 2014 IL App (1st) 131631, ¶ 32 ("Equitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum."). Assuming *arguendo* that section 13-217 could apply to his refiled circuit court complaint, plaintiff has filed three complaints directed at the same cause of action asserting both federal and state claims, and waited nearly a year to file in the circuit court after the dismissal of his first federal complaint. Nothing has prevented plaintiff from asserting this cause of action in a timely manner. See *id*. Thus, the court properly dismissed plaintiff's complaint due to the lapse of the statute of limitations. See *Giese*, 2024 IL App (3d) 240116-U, ¶ 33.

¶ 38        In sum, the trial court did not err in granting the State's motion to dismiss due to *res judicata* and the untimely filing of plaintiff's complaint. See *Tielke*, 2019 IL App (1st) 181756, ¶ 22.

¶ 39                                    D. Motion for Default

¶ 40        As a final matter, plaintiff argues that that the trial court erred in vacating the "default judgment" because defendant appeared almost five months after the court ordered it to answer or otherwise plead.

¶ 41        A court may enter a default judgment "for want of an appearance, or for failure to plead" to the complaint. 735 ILCS 5/2-1301(d) (West 2020). However, a default judgment is "a drastic measure, not to be encouraged and to be employed with great caution, only as a last resort." *Biscan v. Village of Melrose Park Board of Fire and Police Commissioners*, 277 Ill. App. 3d 844, 848 (1996). The court may exercise its discretion to set aside a default entered before a final order or judgment "and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2020). The overriding concern as to whether to enter a default order or vacate a default judgment is "whether substantial justice is being done." *Biscan*, 277 Ill. App. 3d at 848.

¶ 42        "Whether to grant or deny a motion under section 2-1301 is within the sound discretion of the trial court and its decision will not be reversed absent an abuse of discretion or a denial of substantial justice." *Jackson v. Bailey*, 384 Ill. App. 3d 546, 548 (2008). A trial court abuses its discretion where it acts arbitrarily "without the employment of conscious judgment" or if its decision "exceeds the bounds of reason and ignores principles of law" such that substantial prejudice results. *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 51.

¶ 43        Here, the trial court did not abuse its discretion in denying plaintiff's motion for a default judgment. Plaintiff presents no argument as to why the court's denial of the motion for a default was an abuse of discretion. He only asserts that the court erroneously "vacated" the "default judgment" more than 30 days after it was entered. First, despite plaintiff's contentions, the record

contains no default judgment. Additionally, defendant's February 8, 2024, motion to deny or strike plaintiff's motion for default establishes that plaintiff served the complaint to the incorrect City of Chicago department. It noted that it first appeared shortly after learning about the existence of the case. The record establishes defendant assiduously litigated the case after appearing, including fully briefing a motion to dismiss. The court, thus, did not act "arbitrarily" in denying plaintiff's motion for a default judgment. See *id.*

¶ 44                                   III. CONCLUSION

¶ 45        For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 46        Affirmed.